HOWELL P. SCOTT v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

Decided February 18, 1909.

**1.—Negligence—Master and Servant—Pleading.**

Where the only negligence alleged in plaintiff's petition as a ground of recovery was that of E., a foreman under whom he was working, a charge that the laborers engaged other than E. were fellow servants of plaintiff for whose negligence the master was not responsible, was not prejudicial to plaintiff.

**2.—Assignment of Error—Brief.**

The grouping of assignments of error relating to distinct matters, and their presentation in appellant's brief under a single proposition, is not in accordance with the rules.

**3.—Negligence—Requested Charges—Assumed Risk.**

A charge on negligence which would entitle plaintiff to recover, requested by him, was properly refused when it ignored the issue of risk assumed by him, which was raised by the evidence; also a requested charge which made defendant liable for the omission of a specified act by its foreman, irrespective of whether it was possible for him to have averted the injury thereby.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*Gentry & Castle,* for appellant.—Plaintiff having received the injury complained of while he was engaged in loading one of defendant's cars by means of a derrick car and engine; the defendant was liable if the injury occurred by reason of negligence of any other servant or employe of defendant. Sayles Civil Statutes, art. 4560f (as enacted 1897); Texas & N. O. Ry. Co. v. McCraw, 95 S. W., 82; Mounce v. Lodwig Lumber Co., 91 S. W., 240; Texas & Pacific Ry. Co. v. Hervey, 89 S. W., 1095; Seery v. Gulf S. & F. Ry. Co., 34 Texas Civ. App., 89; Perez v. San Antonio & A. P. Ry. Co., 28 Texas Civ. App., 255; Texas & Pac. Ry. Co. v. Webb, 31 Texas Civ. App., 498; St. L. S. W. Ry. Co. v. Thornton, 103 S. W., 437; T. & N. O. Ry. v. Walton, 104 S. W., 415; Lakey v.

Texas & Pac. Ry., 33 Texas Civ. App., 44; Texarkana & Ft. S. Ry. v. Anderson, 111 S. W., 173.

Employes of a railroad company who are not working together at the same time and place are not fellow servants of each other. Rev. Statutes, art. 4560h; Lakey v. Texas Pac. Ry., 33 Texas Civ. App., 44; Railway v. Cloyd, 78 S. W., 43; Gulf, C. & S. F. Ry. v. Elmore, 35 Texas Civ. App., 56; International & G. N. R. Co. v. Still, 101 S. W., 442; Long v. Chicago, R. I. & T. Ry. Co., 94 Texas, 53.

*E. B. Perkins, Marsh & McIlwaine* and *J. .S. McIlwaine,* for appellee.—Appellant and his co-employes working under the direction of a foreman in appellee's bridge and building yard in loading cattle guard timbers upon a flat car to be sent out on the road for making repairs, the loading of said timbers being expedited by the use of a derrick car consisting of a flat car upon which there was placed a derrick and a "dinkey", or stationary engine, were not engaged in a work necessarily and directly connected with the movement and operation of a car within the fellow-servants statute. Railway v. Howard, 97 Texas, 513; Railway v. Anderson, 111 S. W., 173; Walker v. Railway, 112 S. W., 430; Gulf, C. & S. F. Ry. v. Johnson, 47 Texas Civ. App., 74; Lakey v. Texas & Pac., 33 Texas Civ. App., 44; Texas & Pac. Ry. v. Webb, 31 Texas Civ. App., 498; Lawrence v. Texas Cent. Ry., 25 Texas Civ. App., 293.

Appellant and those with whom he was working under the direction of the foreman not being engaged in the work of operating a car, but being engaged in the common service of appellee in the same grade of employment and doing the same character of work and working together at the same time and place and at the same piece of work and to a common purpose were fellow servants. Railway v. Cloyd, 78 S. W., 43; Lakey v. Texas & Pac. Ry., 33 Texas Civ. App., 44; Galveston, H. & S. A. Ry. v. Still, 45 Texas Civ. App., 169; Railway v. Cochran, 109 S. W., 261.

WILLSON, Chief Justice.—While engaged in appellee's service as an employe in its bridges and building department, appellant suffered injuries to his person, on account of which he prosecuted an action for damages. From a judgment in appellee's favor, rendered in acordance with the verdict of a jury, he prosecutes this appeal.

It appeared from the evidence that appellant and five other employes of appellee, under a foreman named Enwright, by means of a derrick were engaged in loading heavy pieces of timber, used in constructing cattle guards, on to a car on appellee's track. The derrick was on another car on the track, and was operated by power furnished by an engine on the same car, it seems. The car on which the pieces of timber were being loaded was just south of the car on which the derrick and the engine which operated it were loaded. The pieces of timber to be loaded were to the right of the car on which they were to be loaded, about forty feet from it. They were to be loaded one at a time, and in loading them it seems to have been the duty of two of the men to fasten to one of the pieces,

dogs or grappling-irons attached to the end of a cable running from the boom of the derrick, and the duty of the foreman, Enwright, to so operate the engine as to wind the cable at its other end on a drum forming a part of the derrick, and so drag the piece of timber to a position where it would be hoisted by the derrick to a point above the level of the car. It was the duty of appellant and the men assisting him, by means of a guy-rope extending from the boom, from their position on the east side of the track, to hold the boom in a proper position while the piece of timber was being dragged to a position for loading on the car, and when it reached such a position, by pulling on the guy-line, to swing the piece of timber to a point where, when the cable, by the operation of the engine was unwound, the other two men, whose position was on the car being loaded, could take hold of same and properly place it on the car. At the time appellant suffered the injuries he complained of one car had been loaded with the pieces of timber, one of the pieces had been loaded upon another car, and by means of the cable another piece was being dragged towards the car. At that time appellant, it seems, was standing on the east side of the track with one of his feet resting on a heavy piece of timber around which he had wrapped the guy-rope, to the free end of which he was holding, when the piece of timber on the other side of the track, as it was being dragged towards the car, struck a skid, the effect of which, it seems, was to suddenly jerk further east the boom to which the guy-rope held by appellant was attached, and at the same time jerk further east the piece of timber around which appellant had wrapped the guy-rope. As a result, appellant, who was holding to the end of the guy-rope, was thrown in front of the piece of timber, when it fell on him and broke one of his legs.

*After stating the case.*—By his first assignment of error appellant complains of action of the court in instructing the jury that the men engaged in assisting him in loading the timbers, except the foreman, Enwright, were his fellow servants. In his petition after alleging the manner in which the pieces of timber were being loaded upon the car, appellant alleged that the accident resulting in the injury of which he complained was caused by the "negligence of defendant, its agents, servants and employes in operating said derrick and engine and in loading said timbers." The allegations following the one just quoted from the petition were as follows: "That Jim Enwright, the foreman, whose duty it was to properly place said derrick car for hoisting and loading the timbers, negligently placed the same in such position that the timbers had to be drawn at an angle requiring more power to draw the same and rendering it impossible for the plaintiff to hold the guy-rope in safety while the timbers were thus being drawn, hoisted and loaded; that it was the duty of said Jim Enwright who was running said engine to operate the same in a careful manner consistent with the safety of this plaintiff and the other employes engaged in said work; that notwithstanding his said duty he negligently ran said engine in a careless and reckless manner, at a high and dangerous rate of speed and suddenly turned

on the steam causing the same to jerk the guy-rope that was being held by the plaintiff with such force as to turn the piece of timber around which said rope was fastened, causing plaintiff to be thrown forward and injured, as hereinafter set out. That plaintiff was standing, at the time of his injury, on the east side of the car that was being loaded and could not see the piece of timber that was being drawn by the derrick from the west side of said car; that it was the duty of Jim Enwright, the foreman, to see that the timber did not strike against anything while being drawn that would be likely to injure plaintiff or endanger his safety; that it was also his duty when he saw the timber strike or about to strike against the skidway or other immovable object, to stop the engine or to notify plaintiff of the imminent danger; that notwithstanding his said duty the said Enwright negligently permitted said timber to strike against a skidway or other immovable object and negligently failed to stop the engine or to notify plaintiff of the danger after he saw or by the use of ordinary diligence could have seen that said timber was about to strike against some object that would endanger plaintiff's safety. That by and through said acts of negligence said accident and injury occurred." In determining whether the instruction complained of was materially erroneous or not, we are confined to a consideration of the acts and omissions specifically alleged in the petition, and relied upon as constituting negligence. San Antonio & A. P. Ry. Co. v. DeHam, 93 Texas, 78; Gulf, C. & S. F. Ry. Co. v. Younger, 10 Texas Civ. App., 141; Wallace v. San Antonio & A. P. Ry. Co., 42 S. W., 865. It will be noted that the specific acts and omissions relied upon as negligence are all charged to be acts and omissions of the foreman, Enwright, alone, and not acts or omissions of the other men, or any of them, assisting appellant in loading the timber. As by his pleadings, appellant did not seek a recovery on account of negligence of other of appellee's employes than Enwright, whether the conclusion of the court that the other employes were appellant's fellow servants was a proper one or not is immaterial. The court instructed the jury that appellee would be liable for the negligence of Enwright in respect to the matters submitted to them, and in the condition of the pleadings Enwright's conduct alone could be made the basis of a recovery in favor of appellee.

Complaint is made in the sixth assignment of error of the refusal of the court to give to the jury a special charge requested by appellant as follows: "You are charged at the instance of plaintiff that if you believe from the evidence that it was the duty of Jim Enwright, the foreman, to properly place the derrick car for drawing, hoisting and loading the timbers and that he negligently placed the same in such a position that the timbers had to be drawn at an angle requiring more power to draw the same and rendering it impossible for plaintiff to hold the guy-rope in safety while the timbers were being drawn, hoisted and loaded and that his said act in so placing the car was an act of negligence as that term has been defined to you in the main charge, which was the direct and proximate cause of plaintiff's injury, if any, and you further find that plaintiff was free from contributory negligence as that term has been defined to you, then you will find

for plaintiff." And by his seventh assignment of error appellant complains of the action of the court in refusing to give to the jury a special charge requested by him as follows: "You are charged at the instance of plaintiff that if you find from the evidence that it was the duty of Jim Enwright, the foreman, to see that the timber did not strike against anything while being drawn that would likely injure plaintiff or endanger his safety, or if you find from the evidence that Enwright saw the timber about to strike against the skidway and he failed to stop the engine or to notify plaintiff of the danger, and you further find that the said Enwright was negligent, as that term has been defined to you, in permitting said timber to strike against the skidway, or if he saw or by the use of ordinary care could have seen that the timber was about to strike against the skidway and he failed to stop the engine or to notify plaintiff and that said acts of negligence, if any, were the direct and proximate cause of plaintiff's injury, if any, then you will find for plaintiff." In appellant's brief said two assignments are grouped with another one, to wit, that the "court erred in failing to submit to the jury all the issues of negligence made by the pleadings and evidence," and under the three assignments of error so grouped is a proposition asserting it to be the "duty of the court to submit all issues of law and fact to the jury raised by the pleadings and evidence, and especially is this true when the issues which have been omitted are called to the attention of the court by special charge." The proposition is followed by a statement from the record of pleadings and evidence which appellant contended, it seems, made it the duty of the court to give to the jury the instructions as requested. Appellee objects to the consideration by this court of said sixth and seventh assignments of error on the ground that they complain of the action of the court with respect to matters distinct from each other, and therefore that grouping them as stated was a violation of rules controlling the briefing of cases on appeal to this court. We are inclined to think that the manner in which the assignments are presented in appellant's brief justly subjects them to the objection urged. Chicago, R. I. & P. Ry. Co. v. Cain, 37 Texas Civ. App., 531; Western U. Tel. Co. v. Waller, 37 Texas Civ. App., 515. But, nevertheless, we have considered the assignments and think they should be overruled. The one just quoted above, if unobjectionable on other grounds, properly was refused because it ignored the issue of assumed risk on his part, made by evidence tending to show that he had had much experience in the kind of work he was then engaged in, knew the dangers attending it, knew the position of the derrick and other car with reference to the pile of lumber, etc., and chose for himself the position he occupied at the time of the accident. The other charge requested, we think, properly was refused, if for no other reason, because it authorized the jury to find for appellant if they believed from the evidence that Enwright saw that the piece of timber to be loaded, as it was being dragged to the car, was about to strike against the skidway and failed to stop the engine or notify appellant of the danger, notwithstanding they may also have believed from the evidence that he could not, after seeing that said piece of timber was about to so strike, have

stopped the engine or notified appellant of his danger in time to have saved him from the injury he suffered.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.