### TOMPKINS et al. v. HOOKER et al. (No. 2309.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1920. Rehearing Granted Jan. 20, 1921.)

1. **Appeal and error ⬅➡742(2)—Improperly grouped assignments not considered.**

Assignment attacking finding as against the evidence and assignments complaining of refusal to give requested instructions, where grouped together, in violation of Court of Civil Appeals rule No. 29 (142 S. W. xii) will not be considered.

2. **Partition ⬅➡46(1)—Court erred in granting to plaintiffs the interest of a cotenant not a party to the proceeding.**

In action for partition by some of the co-owners of land against purchasers from a cotenant who claimed to have acquired title by adverse possession, it was error for court, in holding that adverse title had not been acquired as to some of the plaintiff cotenants, to give to such cotenants the interest in the land of a cotenant not made a party to the proceeding.

3. **Partition ⬅➡46(1) — Cotenant must be a party to the proceeding.**

A valid partition cannot be had where a cotenant is not party to the proceeding.

*On Motion of Appellees for Rehearing.*

4. **Tenancy in common ⬅➡15(10)—Permitting cotenants to remain on land admissible on issue of adverse possession.**

In partition against purchasers from plaintiffs' cotenants claiming to have acquired title by adverse possession, question as to whether plaintiffs permitted cotenant to remain on the land *held* proper.

5. **Trial ⬅➡85—Overruling of objection to evidence competent in part not error.**

Overruling of objection to evidence a part of which is competent is not error.

6. **Tenancy in common ⬅➡15(1)—Title may be acquired against some cotenants and not as against other cotenants.**

Defendants may have acquired title by adverse possession as against some of the co-tenants without having acquired adverse title as against other cotenants, where the former did not become parties to the partition action until six years after the action was commenced by the latter.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Suit by F. A. Hooker and others against T. T. Tompkins and others. Judgment for plaintiffs, and defendants appeal. Affirmed as reformed, and remanded for further proceedings.

Lennox & Lennox, of Clarksville, for appellants.

Mahaffey, Keeney & Dalby, Chas. S. Todd, and J. Q. Mahaffey, all of Texarkana, for appellees.

WILLSON, C. J. This is the second time this case has been before this court. The issues on the last trial were the same as on the first trial, except that on the last trial it was not controverted that Christina Lawson died in 1870, intestate and without issue, and left as her only heirs her husband, Pleasant Lawson, who died in 1911, and brothers and sisters and descendants of other brothers and sisters, who were the plaintiffs in the court below. The nature, etc., of the case is fully stated in the opinion by Judge Hodges disposing of the former appeal (see 200 S. W. 193), and will not be restated here.

[1] On special issues submitted to them the jury found that Pleasant Lawson never repudiated the joint tenancy in the land in question existing between him and appellees and others plaintiffs in the court below. An assignment attacking the finding as against the testimony is grouped with assignments predicated on the refusal of the court to give certain special charges which appellants requested, and which, had they been given, would have instructed the jury as to conditions on which they should find, if said Lawson had repudiated such joint tenancy, that appellees and the other plaintiffs had notice thereof. Appellees insist that the grouping of the assignments is a violation of the rules for briefing cases (rule 29 for Courts of Civil Appeals [142 S. W: xii]; Lumber Co. v. Arnold, 139 S. W. 1167; Scott v. Railway Co., 54 Tex. Civ. App. 54, 117 S. W. 890), and we agree it is. As, therefore, the assignments should not be considered, we have not undertaken to determine any of the questions they present, other than the one as to the sufficiency of the evidence to support the finding that Pleasant Lawson never repudiated said joint tenancy. And, as the cause is to be remanded for a new trial, we will not comment on the testimony relevant to that issue further than to say that we think there were parts of it the jury had a right to believe which were sufficient to support the finding specified.

It appeared without dispute in the testimony that appellees, plaintiffs in the court below, each took an undivided interest in the land as an heir (or descendant of an heir) of Christina Lawson, deceased, and that Sutton and John Watson, coplaintiffs with appellees in said court, each took such an in-

terest as an heir of his deceased wife, who was an heir (or descendant of an heir) of said Christina Lawson; and it further so appeared that at the time of the trial appellees and said Sutton and Watson each, respectively, owned the interest he took unless the statute of limitations had operated to divest him of the title. The jury found on special issues submitted to them that said statute had not so operated; and the court, on that finding, adjudged in favor of the coplaintiffs (appellees here) of said Sutton and Watson, and against appellants on the latter's plea setting up said statute, and then himself found, contrary to said finding of the jury, that the statute had operated to bar the right of Sutton and Watson to recover the interest they respectively owned as heirs aforesaid, and, notwithstanding the absence of either pleadings or proof on their part authorizing it, awarded to appellees a recovery of the interest of said Sutton and Watson in the land.

This was error. If he thought appellants had failed to establish their plea, the court should have given the finding of the jury effect in favor of all the plaintiffs—Sutton and Watson as well as appellees. On the other hand, if the court thought, as the finding he made indicated he did, that it appeared from the testimony that the right of Sutton and Watson to recover an interest in the land was barred by the statute, he should have set aside the finding of the jury; for it was in favor of all the plaintiffs. alike, and the court did not have a right to give it effect as to some and deny it effect as to others of them, and especially so in view of the fact that it appeared from the testimony that the position of plaintiffs in whose favor he enforced the finding was not different, so far as the statute of limitations was concerned, from that of plaintiffs in whose favor he refused to enforce it.

[2, 3] It further appeared without dispute in the testimony that one P. G. Benton, who was not a party to the suit, owned an undivided interest in the land as an heir of his deceased wife, who was an heir of said Christina Lawson, and as an heir of certain of his said wife's children. The judgment of the court below was in favor of appellees for said Benton's interest. Plainly it should not have been; for appellees, plaintiffs in the court below as before stated, were entitled to recover only the interest the testimony showed they owned in the land, and were not entitled to recover an interest therein which the testimony showed they did not own. The error is not one that can be corrected here, for the value of said Benton's interest, which, on the record before this court, should have been deducted from the interest adjudged to appellees, cannot be determined from the testimony in said record. And, if the judgment could be corrected in the respect referred to, it would have to be reversed and the cause remanded to the court below for a new trial so far as it was for a partition of the land; for a valid partition thereof could not be made so long as said Benton was not a party to the suit.

Of the assignments not already disposed of, and which present questions likely to arise on another trial, the fifth, sixth, seventh, eighth, eighteenth, nineteenth, twentieth, and twenty-second are overruled, and the twenty-first is sustained.

The judgment is reversed, and the cause is remanded to the court below for a new trial.

### On Motion of Appellees for Rehearing.

In disposing of the appeal this court, without stating it, sustained the twenty-first assignment, predicated on the action of the trial court in admitting as evidence, over appellant's objection, testimony of the witness J. L. Fulbright as follows:

"Q. Do you know how Pleas Lawson lived on that place after Christina Lawson's death; how he came to live on it? A. Well, they just let him live on it. Now, when they had the partition made I was just talking about—maybe I better not say it, but when this suit for partition was brought Uncle Ed Oliver and Hous Hooker wanted to partition and divide the property that he had, the 301 or 302 acres. I don't know how much they wanted, but they wanted to divide it off, but the balance of the heirs that were there represented said they would let him keep it his lifetime, that he could not get away with it, and so it just went on that way. We did not sue him then for an interest in it at all."

The grounds of the objection were:

"(1) That it was immaterial and irrelevant; (2) that it did not show that Pleasant Lawson was present or a party to the agreement so made by the heirs of David Fulbright; and (3) it was obnoxious to the statute of frauds."

[4, 5] In the motion attention is called to the fact that the objection was to both the question, which, it is insisted, and we agree, was not objectionable, and to the answer as a whole, a part of which at least, it is insisted, was unobjectionable. It is therefore further insisted that the action of the trial court was not erroneous, and that the action of this court in sustaining the assignment was, in view of the rule that an objection to testimony as a whole should be overruled when part of it is admissible. Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 451. The part of the answer which, appellees contend, was not subject to the objection urged, was this: "Well, they just let him live on it." We agree it was not, and therefore that we erred when we sustained the assignment.

It is next insisted in the motion that we should have affirmed the judgment in so far

as it determined the issue as to the title of the parties, and should have remanded the cause only for the purposes of partition and an adjustment of equities between the parties. We do not agree that the judgment so far as it determined the question of title should have been affirmed as it was rendered by the court below, but on further consideration of the record have concluded, for reasons now to be stated, it should first be reformed as to the interests adjudged to the parties plaintiff and defendant, respectively, and then affirmed.

[6] It appears from the record that Christina Lawson died in 1870, owning the 301 acres of land and leaving her husband Pleasant Lawson and ten brothers and sisters, or their descendants, surviving her. Her husband, whose interest appellants acquired, took an undivided half of the land, and her brothers and sisters and their descendants took the other half. Of the latter half each of the surviving brothers and sisters owned one-tenth, and the descendants of each of the deceased brothers and sisters owned one-tenth. Jennette Benton, one of the surviving sisters, died in 1878 or 1879, leaving her husband, P. G. Benton, who was not a party to this suit, and six children surviving her. Each of the six children took an undivided one-sixth of her one-tenth interest, subject to a life estate of one-third in their father, said P. G. Benton. One of the children (Neely) died, never having married; hence her father took one-half of her one-sixth interest in the one-tenth interest owned by her mother. Another of the children (Mary Sue) died, leaving her husband, the plaintiff J. A. Sutton, but no child, surviving her. Hence said Sutton took one-half of her interest, and her father took one-fourth thereof. Still another of the six children (Carl) died, leaving a widow, but no child, so far as the record shows to the contrary, surviving him. The widow married the plaintiff J. D. Spradlin, and died leaving her husband, but no child, so far as the record shows to the contrary, surviving her. Hence the interest of Carl passed one-fourth to his father and one-fourth through his widow to said Spradlin. The finding was that one-half of the 301 acres was worth $25,000, according to which the one-tenth interest owned by Jennette Benton was worth $2,500. Hence the value of the interests which passed from her children to their father, P. G. Benton, was $416.66; the value of the interest which passed to plaintiff Sutton was $208.33; and the value of the interest which passed to plaintiff Spradlin was $104.16—the aggregate value of said interest being $729.15. The trial court determined the value of the land in controversy to be $33,440, and the value of the rent thereof to be $2,400. He then awarded to appellees a recovery of an interest in the land of the value of $25,000 and $1,796.43 of the rents, a total of $26,796.43, and awarded to appellants a recovery of an interest in the land of the value of $6,643.58, and directed a partition to be made accordingly. The effect of this was to award appellees the value of the interests which were owned by P. G. Benton, J. A. Sutton, and J. D. Spradlin in both the land and the rents, when he should instead have awarded the value of that interest to appellants; for, as stated, Benton was not a party to the suit, and no reason was shown why his interest should be adjudged to them, and the court found that the right of Sutton and Spradlin to recover an interest in the land was barred by the statute of limitations. In this connection we wish to say that the criticism of the judgment in the opinion disposing of the appeal with respect to this matter was not justified, for the record shows that, while appellees' suit was commenced November 12, 1913, Sutton and Spradling did not become parties to it until December 1, 1919. Therefore it might very well be that appellees were not barred by the statute as found by the jury, and that Sutton and Spradling were as found by the court. In view of what has been said, we think the rights of the parties as to rents should be left for adjustment in the partition to be had, and that the judgment should be so reformed as to adjudge to appellees an interest in the land in controversy worth $24,270.85 instead of $26,796.43, on the basis of its value being $33,440 as determined by the trial court, and to appellants an interest worth $9,169.15 instead of $6,443.58, and that as so reformed the judgment should be affirmed, and the cause remanded to the court below for such proceedings as may be had therein. Therefore the motion will be granted, and judgment as indicated will be rendered here.