GEORGE E. NEAL v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

Decided November 21, 1904.

**1.—Rule of Court—Assignments of Error—Propositions.**

Under rule 30 for Courts of Civil Appeals it is permissible, although not commendable, to copy all the assignments of error into the brief one after the other, no matter how many subjects they may relate to, and follow them with propositions, but in such case each proposition must refer to the particular assignment upon which it is based, and a proposition referring as its basis to all the assignments will not be considered.

**2.—Same—Briefs—Amendment.**

Where a motion attacking an appellant's brief for want of conformity with rules of court has been filed, together with a brief of appellee in a Court of Civil Appeals, a motion to amend, except in the matter of citation of additional authorities, will not be granted unless it appears that it will not involve injustice or inconvenience to the opposite party.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Onion & Henry,* for appellant.

*Baker, Botts, Parker & Garwood* and *Newton & Ward,* for appellee.

FLY, Associate Justice.—This is a suit instituted by appellant against appellee to recover damages alleged to have accrued by reason of personal injuries inflicted on appellant while attempting to board a passenger train at Kingsbury, Texas. Trial was had by jury, which resulted in a verdict and judgment for appellee.

The following assignments of error are grouped in the brief:

"First assignment of error: The court erred in giving special requested charge number 4 by defendant, as follows: 'Plaintiff alleges in his petition that defendant company refused to check said parcels as baggage by reason of which he was compelled by defendant company to himself place said parcels or boxes on its cars. You are instructed that said parcels or boxes were not such baggage as defendant was required to check, and therefore you will not consider such allegation in arriving at a verdict;' because same was a practical instruction to find for defendant, and the allegation was a legal and material one as tending to show the reason for plaintiff loading his parcels on said train and also for his delay in boarding same, and said charge is on the weight of evidence.

"Second assignment of error: The court erred in giving special charge number 6, requested by defendant, as follows: 'Defendant requests the court to charge the jury: The plaintiff alleges in his petition that defendant company was guilty of negligence in not stopping its train at Kingsbury a sufficient length of time, said stop not being more than thirty seconds, and that this was not a sufficient time for plaintiff to load his parcels and board the train. You are instructed that the parcels or boxes which he loaded on defendant's baggage car, was not baggage within the meaning of the law or the rule of the company, and defendant was not required to carry same on its passenger train unless sent by express or checked as baggage. And you are further instructed that it was not the defendant's duty to hold said passenger train to allow plaintiff time to load said parcels or boxes on said baggage car;' because the same is not the law of the case, misstates the law, and because defendant company under all the circumstances owed plaintiff, as a passenger, the duty of waiting for him a reasonable period of time while he loaded his parcels on the train.

"Third assignment of error: The court erred in giving special charge number 6 asked by defendant, and special charge number 1 asked by plaintiff, for the reason that they are in direct conflict with each other as propositions of law, and because same were confusing and misleading to the jury.

"Fourth assignment of error: The court erred in charging the jury in special charge number 4, asked by defendant, 'That said parcels or boxes were not such baggage as defendant was required to check, and

therefore you will not consider such allegation in arriving at a verdict.' And in charging the jury in special charge number 6, asked by defendant, that, 'You are instructed that the parcels or boxes which he loaded on defendant's baggage car was not baggage within the meaning of the law or the rules of the company,' for the following reasons: First, because said charges do not present the law of the case, and second, because the same matter is presented in the main charge of the court, and in special charges numbers 4 and 6, thereby giving the issue presented undue prominence."

Immediately after the assignments the following propositions are found in the brief:

"First proposition under first, second, third and fourth assigned errors: Appellant being at the time a passenger on appellee's train, and following the instructions of the agents and employes of appellee company in loading his baggage or parcels on the train, appellee owed him the duty as a passenger to wait a reasonable length of time for him to load his baggage and board the train as a passenger.

"Second proposition under first, second, third and fourth assigned errors: Appellee owing appellant the duty to wait for him a reasonable length of time to load his baggage and take passage on its train, it was error for the court to give special charge number 4 to the effect that the jury should not consider the allegation in plaintiff's petition that defendant refused to check the baggage of appellant, and compelled him to himself load his parcels on the train.

"Third proposition under first, second, third and fourth assigned errors: Where a charge is on the weight of evidence, a cause should be reversed.

"Fourth proposition under first, second, third and fourth assigned errors: The court erred in giving special charge number 6 at the instance of appellee, instructing the jury that 'It was not the defendant's duty to hold said passenger train to allow plaintiff to load said parcels or boxes on said baggage car.'

"Fifth proposition under first, second, third and fourth assigned errors: The court erred in giving special charge number 6 at the instance of defendant, and special charge number 1 at the instance of plaintiff, for the reason that said charges are in direct conflict with each other as propositions of law, and because same were confusing and misleading to the jury.

"Sixth proposition under first, second, third and fourth · assigned errors: Where an issue is presented in several portions of the charge and thereby given undue prominence, the cause should be reversed on appeal"

The foregoing comprise all the assignments of error and propositions thereunder. The assignments of error are on subjects not germane to each other, and when grouped as they are should have their subjects separated by propositions relating back to the particular assignment to which the proposition is applicable. This has not been done, but each proposition is made to relate to the subject matter of all four assignments of error. There is but one statement under all the assignments of error. An analysis of the assignments of error shows that the first re-

lates to error in giving a special charge; the second to error in giving another special charge; the third relates to giving two special charges, one asked by appellant and the other by appellee; and the fourth relates to giving yet another special charge requested by appellant and one asked by appellee. Under the four assignments this court is asked to decide that, appellant being a passenger, appellee owed him the duty to wait a reasonable length of time for him to load his baggage and board the train; that where a charge is on the weight of evidence a cause should be reversed; that it was error to charge that a railroad train should not be held to allow a passenger time to load parcels, not baggage, on a baggage car; that the charges are conflicting and confusing to the jury and that, "where an issue is presented in several portions of the charge and thereby given undue prominence, the cause should be reversed on appeal."

In rule 30 for Courts of Civil Appeals it is prescribed that the assignments of error shall be copied in the brief and that "each point under each assignment shall be stated as a proposition unless the assignment itself may sufficiently disclose the point, in which event it shall be sufficient to copy the assignment."

Under this rule when assignments of error relate to. the same subject they may be grouped and propositions under them would be considered, and it is permissible, although not commendable, to copy all the assignments of error into the brief one after the other, no matter how many subjects they may relate to, but in such case each proposition must refer to the assignment of error upon which it is based, and a proposition referring as its basis to all the assignments of error will not be considered. Halff v. Goldfrank, 49 S. W. Rep., 1095; W. U. Tel. Co. v. Bryson, 25 Texas Civ. App., 74, 61 S. W. Rep., 548; Abernathy v. Southern Rock Co., 62 S. W. Rep., 786; Wells v. Houston, 29 Texas Civ. App., 619, 69 S. W. Rep., 183.

A motion to amend the brief was filed at time of submission of this cause and must be overruled. If, after a motion attacking a brief for want of conformity to the rules has been filed together with a brief of the appellee, an amendment should be granted that would cure the defective brief, the rules would become nugatory. There is but one amendment of the brief to which an appellant is entitled as a matter of. right, and that is in regard to citing additional authorities. No other amendment is permitted unless it appears that it will not involve injustice or inconvenience to the other party. Rule 38 for Courts of Civil Appeals; Peck v. Peck, 83 S. W. Rep., 257.

The brief being in such condition that it can not be considered by this court, and there being no error apparent of record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

Counsel for appellee have never at any time agreed that appellant might have leave to file briefs. It is true they have not complained of the injustice or inconvenience that would result to them if appellant was allowed to cover the defects of his brief which had been pointed out

by the brief of appellee, but there was no time nor occasion to complain until the court had granted appellant leave to file another brief. Appellant admits that he has not complied with the rules of the court in the preparation of his brief, but the complaint is that the court enforced the rule. It is assumed that it would not inconvenience appellee to file another brief, although it had filed a brief setting forth the total failure upon the part of appellant to comply with the rules in the preparation of his brief. It is no injustice to deprive it of its right of being heard on the case as presented by appellant, but the court should set aside the rules made by the Supreme Court of Texas for its governance, set aside the brief of appellee and allow another brief to be filed without any excuse or reason being given for the violation of the rule. Even in the voluminous motion for rehearing not one word is uttered in excuse for the failure to follow the rules in the preparation of the brief, and no reason given why this court should make a precedent for setting aside the rules.

The motion is overruled. *Overruled.*

Writ of error refused.