### SOUTHERN PINE LUMBER CO. et al. v. ARNOLD et al.

(Court of Civil Appeals of Texas.  Texarkana. July 14, 1911.  Rehearing Denied Oct. 5, 1911.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—GROUPING ASSIGNMENTS.

An assignment of error in an action involving breach of warranty of title stated that the court erred in limiting the recovery on the warranty against B. to two-sevenths of 757 acres, and refusing interest on the amount allowed except from date of judgment, and the next assignment predicated error in refusing a special charge asked by a defendant as to the measure of B.'s liability on his warranty.  The two assignments of error were grouped and were followed by three propositions, the first being that B. and S. named were each liable for one-half of any loss of title; the second that the warranty created a contractual liability on each for one-half of the loss; and the third being that interest should have been allowed against them from the date of their deed.  *Held*, that the assignments con-

tained two distinct propositions, so that they should not have been grouped.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 730*) — BRIEFS — STATEMENT—REFERENCE TO INSTRUCTIONS.

An assignment of error to the refusal of instructions is insufficient where the refused instructions are not set out, and the statement does not refer to any part of the record containing them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

On motion for rehearing. Motion overruled.

For former opinion, see 139 S. W. 917.

HODGES, J. As supporting the proposition announced in the original opinion, that W. W. Wallace by the deed from B. R. and Rebecca Wallace acquired only a naked legal title and no beneficial interest in the property conveyed, we refer to the case of Smith v. Brown, 66 Tex. 543, 1 S. W. 573. The contention is now made that we should not have disregarded assignments Nos. 14 and 15 in the appellants' brief.

Those assignments are as follows:

"The court erred in limiting the recovery on the warranty against E. A. Blount to two-sevenths of said 757 acres, and refusing interest on the amount allowed, except from date of judgment."

"The court erred in refusing special charge asked by the defendant Southern Pine Lumber Company as to the measure of the said E. A. Blount's liability on his warranty."

The two are grouped and followed by three propositions, each purporting to relate to both assignments. The first asserts that Blount and J. L. Stephenson "were each liable for one-half of any loss of title that might accrue to the land thereby conveyed." The second claims that the warranty clause contained in the deed from those parties created a contractual liability on the part of each for one-half of such loss. The third charges that interest should have been allowed against Blount and J. L. Stephenson from the date of their deed.

[1] From this it is clear that the two assignments contained at least two distinct legal propositions, and should not have been grouped. G., H. & S. A. Ry. Co. v. Worcester, 45 Tex. Civ. App. 501, 100 S. W. 991, and cases there referred to; Lowrance v. Woods, 54 Tex. Civ. App. 233, 118 S. W. 551; Neal v. Railway Co., 37 Tex. Civ. App. 235, 83 S. W. 402; Hayward Lumber Co. v. Cox, 104 S. W. 403; Railway Co. v. Cain, 37 Tex. Civ. App. 531, 84 S. W. 682. But, even if we should consider assignment No. 14, the record discloses no error of which it complains. The undisputed evidence shows that only four-sevenths of the title failed. According to the appellants' own contention

Blount was liable for only one-half or two-sevenths. Hence the court committed no error in so holding.

[2] Not only do the appellants fail to set out the special charge referred to in assignment No. 15, but they do not in the statement refer to any portion of the record where it may be found. That such a statement is insufficient is well established by the decisons of the courts of this state. Railway Co. v. Laws, 61 S. W. 498; Railway Co. v. Robinson, 73 Tex. 277, 11 S. W. 327; Laing v. Hanson, 36 S. W. 116; Montgomery v. Amsler, 122 S. W. 307.

The motion for rehearing is overruled.