## PHŒNIX FURNITURE CO. OF PORT AR-
THUR v. KAY.   (No. 1717.)

Court of Civil Appeals of Texas.   Beaumont.
Oct. 19, 1928.

Rehearing Denied Nov. 7, 1928.

Raymond L. Murray, of Port Arthur, and O. J. Todd, C. S. Pipkin, and A. D. Moore, all of Beaumont, for appellant.

Robt. A. Shivers, of Port Arthur, for appellee.

O'QUINN, J. Appellee sued appellant, a private corporation, for debt in the sum of $2,300, and for attorney's fees in the sum of $250. He alleged that in May, 1923, he entered into an oral contract with appellant that he was to work for appellant for $250 per month until January 1, 1924, after which date he was to receive $300 per month; that shortly after January 1, 1924, at the request of appellant, it was agreed between them that, instead of appellee receiving $300 per month, he should receive $250 per month, and on January 1, 1925, he was to receive $600 additional for his services in 1924; that, at the beginning of 1925, appellant did not refuse to pay the $600, but again promised to pay same, and, at request of appellant, they made an agreement that appellant was to receive during the year 1925 the sum of $225 per month, and at the end of that year, or the beginning of 1926, appellant would pay to appellee the $600 past due for 1924, and $900 additional for 1925; that the same contract was entered into between them in the beginning of 1926 as for 1924 and 1925; that said contracts or agreements were never canceled, changed, or in any manner revoked, and that, at the time the suit was filed, December 29, 1926, appellant was due and owing to appellee the sum of $600 balance due for 1924, $900 balance due for 1925, and $800 balance due for 1926, and that demand for payment of same had been duly made, and appellant refused to pay same or any part thereof. Appellee further alleged that the amount sued for was for labor done and performed for appellant at its special instance and request, and that appellant had refused to pay same, and that it became and was necessary for him to employ an attorney to file suit for his debt, and that he had contracted to pay his said attorney the sum of $250 as attorney's fee, for which he prayed judgment, in addition to his debt.

Appellant answered by a general demurrer, special exception to appellee's petition for attorney's fees, pleaded the two-year statute of limitation against all sums claimed for services rendered prior to December 29, 1924, and a general denial of appellee's cause of action as alleged. Appellant specially further answered:

(a) That, if any such agreement was made as alleged by appellee, such agreement was one that could not have been executed within a year, was not in writing, in violation of the statute of frauds, and therefore void.

(b) That one Stovall had been manager of its furniture store at Port Arthur, Texas, and that appellee was employed by said Stovall at $250 per month in 1923, and that the directors of appellant instructed said manager, Stovall, to cut all salaries of its employees in 1925, and to pay a bonus to employees at the end of said year, if appellant had made a profit, and that, in accordance with said instructions, appellee's salary was cut to $225 per month for 1925; that said manager, Stovall, was discharged in March, 1926, and appellee's salary raised back to $250 per month in October, 1926; that said manager, Stovall, was without authority to make any such agreement or contract as alleged by appellee, but that his authority to employ persons to work in appellant's store was only in the usual course of business. Appellant further answered and alleged that, after appellee's salary had been cut from $250 to $225 per month, and after he had notified the directors that he had a claim for back pay in March, 1926, he received and accepted a raise in his salary back to $250 per month, and continued to work under that agreement until December, 1926, when he quit work and filed this suit, whereby he ratified a working agreement to the effect that he was employed upon a salary of from month to month, and prayed that appellee take nothing by his suit.

By supplemental petition appellee answered: (a) That, because he had made demand in writing upon appellant for his debt more than 30 days before filing his suit, he was entitled to his attorney's fee; and (b) that Stovall was the general manager of appellant's business; that he had control of said business, with authority to hire and discharge employees and to fix their salaries; that appellant, acting through its said general manager and agent, made the contracts with appellee alleged; and that said Stovall, as general manager of said business for said appellant in the conduct of said business, was acting within the scope of his general authority, or, if not, then within the apparent scope of his authority; and that appellant was estopped to deny its liability on said contracts.

The case was tried to a jury upon special

issues, in answer to which they found that appellee's salary was not fixed at $300 per month for 1924, and that there was no agreement that appellee was to receive $250 per month for 1924 and at the end of the year an additional $600; that appellant, acting through its general manager and vice president (Stovall), did enter into a contract with appellee to pay him $300 per month for 1925, and that same should be paid $250 per month, and appellee to receive $600 additional at the end of the year; that appellant, acting through its vice president and general manager (Stovall), agreed with appellee to pay him $300 a month for 1926, and that appellee should receive $225 per month during said year, and $900 additional at the end of said year. Upon the answers of the jury, judgment in favor of appellee was entered for $1,700 and costs of suit. Motion for a new trial was overruled, and appellant has appealed.

■ Appellant's first proposition contends that the court erred in overruling its general demurrer, for in that appellee's petition attempts to allege a cause of action based upon an oral contract to render personal service, and fails to allege a performance of such service. The assignment is overruled. The petition alleges that the amount for which suit is brought is for labor done and performed by appellee at the special instance and request of appellant. This is a sufficient allegation of performance under the alleged contract.

Appellant's second, third, and fourth propositions are presented together. They are:

Second Proposition: "It is the right of a party plaintiff or defendant to have submitted to the jury every issue which is properly made by the pleadings and supported by the testimony and which is material in the determination of the case, and where a trial court fails to submit such an issue, a refusal of a special charge presenting that issue to the jury will require the reversal of the judgment."

Third Proposition: "Where a defendant has pleaded a specific group of facts as a defense and has offered competent evidence to sustain his allegations, which said group of facts were material in the determination of the case, in that if proven, they would have constituted an affirmative defense to plaintiff's cause of action, and where the trial court failed to submit the issue raised by such group of facts, a refusal of a special charge presenting that issue to the jury is reversible error."

Fourth Proposition: "Where in a suit against a corporation based upon a contract alleged to have been made by an agent of the corporation, the corporation specially pleads lack of authority on the part of such agent to make such contract, and testimony is introduced showing that no such authority was granted by the corporation to the agent, it was error for the court to refuse at request of defendant corporation to submit to the jury the question as to whether or not the agent had the direct and express authority to bind the corporation by the alleged contract."

These propositions are based upon the third, fourth, and fifth assignments of error, which read:

"3. The court erred in its refusal to give the special requested charge No. 1, as requested by the defendant on the trial of said cause."

"4. The court erred in its refusal to give the special requested charge No. 2, as requested by the defendant on the trial of said cause."

"5. The court erred in its refusal to give the special requested charge No. 3, as requested by the defendant on the trial of said cause."

■ There were no assignments of error filed in the trial court, but there was a motion for a new trial, and, under the law, the assignments set forth in the motion for a new trial will constitute the assignments of error on appeal. In the motion for a new trial the assignments above set out constituted a single assignment, and were contained in paragraph 3 of the motion, to wit:

"The court erred in its refusal to give the special requested charges Nos. 1, 2 and 3, as requested by the defendant on the trial of said cause."

■■ Rule 32 for the Courts of Civil Appeals requires that the brief of appellants shall contain "verbatim copies" of the assignments of error filed in the trial court and reproduced in the transcript. The assignment, as shown in the motion for a new trial, is multifarious, the special charges relating to as many separate, distinct, and unrelated matters, and for that reason could not be considered. As presented in the brief, they are not "verbatim copies," nor substantial copies of the assignment as set out in the motion for new trial, and so in violation of rule 32, and should not be considered. Watson v. Patrick (Tex. Civ. App.) 174 S. W. 632; Ruth v. Cobe (Tex. Civ. App.) 165 S. W. 530; Mt. Franklin Lime & Stone Co. v. May (Tex. Civ. App.) 150 S. W. 756 (writ refused); Fessinger v. El Paso Times Co. (Tex. Civ. App.) 154 S. W. 1171 (writ refused).

■ Furthermore, it is not believed that an assignment of error filed in the trial court which is multifarious, in being brought forward in the brief, can be split into two or more assignments so as to present singly the several matters complained of, the assignments as presented in the brief not being either "verbatim copies" of the assignments filed in the trial court or substantial copies of them, but would be equivalent to the presentation of new and different assignments not filed at any time. However, in any event, if it should be that the instant assignments should be considered, we do not believe that the propositions presented under them are sufficient. The propositions are set forth supra. These propositions are but abstract propositions of law, and do not point out any specific error. Moreover, the propositions are presented grouped, and, as they and the

assignments upon which they are based present as many different and wholly unrelated matters, they are multifarious and therefore cannot be considered. Neal v. Railway, 37 Tex. Civ. App. 235, 83 S. W. 402 (writ refused); Masterson v. Ross (Tex. Civ. App.) 152 S. W. 1156; Southern Pine Lumber Co. v. Arnold (Tex. Civ. App.) 139 S. W. 1167; King v. Battaglia, 38 Tex. Civ. App. 28, 84 S. W. 839, 842 (writ refused); Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795; Ry. Co. v. Donovan, 86 Tex. 378, 25 S. W. 10.

Appellant's fifth proposition complains that the court erred in refusing to submit to the jury its special requested issue as to whether or not the contract of employment pleaded by appellee was of such unusual nature as to put appellee on inquiry as to the authority appellant's agent had to make same. This is the matter denominated in the transcript as "Defendant's Special Requested Charge No. 3," and refers to, and is based upon, appellant's assignment of error No. 5, which reads:

"The court erred in its refusal to give special requested charge No. 3, as requested by the defendant on the trial of said cause."

As we have stated, there were no assignments of error filed in the trial court, but there was a motion for a new trial, and the assignments of error in the motion constitute the assignments of error here. Assignment No. 5 in the motion for a new trial has no relation to the matter here complained of, but relates to, and complains of, the refusal of the officer in charge of the jury to carry the jury before the court for an explanation of the charge, and of statements of said officer to the jury in relation to their wish to go before the court for said purpose. The proposition, therefore, is not germane to the assignment to which it is related and upon which it is based. However, we do not think the court erred in refusing to submit the issue, for it was not denied, but admitted, that Stovall was the vice president and general manager of appellant, and in active charge and supervision of its business, with authority to employ and discharge employees and to fix their wages. That being true, he had at least the apparent authority to make the contracts alleged by appellee and found by the jury. Undisputed facts should not be submitted to the jury for their finding. It is well-settled law that, if a principal holds an agent out as having general authority to act in the premises, he will be liable to innocent third persons who have made an absolute contract in reliance upon the agent's apparent authority. The private instructions appellant contends that it gave to its general manager, who was admittedly authorized to employ and discharge employees and fix their wages, and

who was apparently invested with full authority to make contracts, could not affect the terms of employment agreed to by appellee and appellant, through its said agent, unless they were made known to appellee, which he denies, and of which there is no proof. Under the law appellee occupies the position of an innocent third person, and he had the right to rely absolutely upon the apparent scope of the authority of Stovall, the vice president and general manager of appellant, in active charge of the affairs of appellant, in making the alleged contracts, and appellant should not be heard to deny its said agent's authority. 2 C. J. § 211, p. 570 et seq.; Cannel Coal Co. v. Luna (Tex. Civ. App.) 144 S. W. 721; Baker & Co. v. Kellett-Chatham Machinery Co. (Tex. Civ. App.) 84 S. W. 661; Hayward Lumber Co. v. Cox (Tex. Civ. App.) 104 S. W. 403, 406 (writ refused); Holmes v. Tyner (Tex. Civ. App.) 179 S. W. 887; Bay City Irrigation Co. v. Sweeney (Tex. Civ. App.) 81 S. W. 548 (writ refused); Railway Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642.

Appellant's seventh proposition that the jury, while deliberating upon its verdict, became confused as to the meaning of portions of the court's charge, and requested the officer in charge to take them before the court, that he might explain to them the charges which they did not understand, which the officer refused to do, and stated to them that the court wanted them to answer the question themselves, and that but for said statement of said officer the jury would have gone before the court and received additional instructions, and would thereby be enabled to have rendered a correct verdict, and that said statement of said officer to the jury was a communication to the jury prohibited by law, because of which misconduct of said officer the court should have granted appellant a new trial, is overruled. We have examined the record, and do not believe that any error hurtful to appellant is shown.

Appellant, by its eighth proposition, complains that the verdict of the jury is inconsistent and conflicting. This is based upon the fact that the jury found that the contract alleged by appellee for the year 1924 was not as alleged, but that they found that the contracts for the years 1925 and 1926 were made as alleged, and it is insisted that these findings are so conflicting as to not support the judgment. This contention cannot be sustained. It was the province of the jury to pass upon all fact questions presented to them, and we do not consider the findings in such conflict as to affect the judgment.

The judgment should be affirmed, and it is so ordered.

Affirmed.