FIRST NAT. BANK OF CROCKETT v.
HARDTT et al.  (No. 7560.)

(Court of Civil Appeals of Texas.  Galveston.
May 9, 1918.  Rehearing Denied
May 29, 1918.)

1. APPEAL AND ERROR ⬤⟲882(12)—RIGHT TO
ALLEGE ERROR—INVITED ERROR.

Where the cause was submitted substantially
upon the special issues requested by appellant,
any error in the charge was invited and acqui-
esced in by appellant, and its complaint of error
could not be heard, in view of Vernon's Sayles'
Ann. Civ. St. 1914, art. 1971, relating to the
submission of charges.

2. APPEAL AND ERROR ⬤⟲882(15) — INVITED
ERROR—INSTRUCTIONS.

Where the court, with appellant's acquies-
cence, instructed that appellees' knowledge and
good faith in purchasing from appellant's debtor
need not be considered if the jury found that
the debtor was not insolvent, and the jury found
that he was not then insolvent, there was no er-
ror in refusing appellant's special charges sub-
mitting the issue of appellees' good faith.

3. APPEAL AND ERROR ⬤⟲742(5) — ASSIGN-
MENTS—STATEMENTS.

An assignment of error to the refusal of
charges as to appellees' good faith could not be
sustained where the statement did not contain
any facts showing that appellees when they pur-
chased the land from appellant's debtor knew or
had any reason to believe that he was conveying
to delay or defraud his creditors or any fact im-
peaching their good faith.

4. APPEAL AND ERROR ⬤⟲742(1) — ASSIGN-
MENTS OF ERROR—STATEMENT.

An assignment of error in not granting a
motion for a new trial because the verdict was
contrary to the preponderance of the evidence as
to the debtor's insolvency, followed by a state-
ment referring to testimony on certain pages of
statement of facts, would not be considered be-
cause pointing out no matter authorizing re-
versal, and because not followed by a sufficient
statement.

5. APPEAL AND ERROR ⬤⟲1001(1)—VERDICT—
EVIDENCE—REVERSAL.

Appellate courts can only reverse a judgment
rendered upon a verdict when there is no evi-
dence to support the verdict or when it is so
manifestly against the great weight and prepon-
derance of the evidence as to be clearly wrong
and to justify the conclusion that it resulted
from passion, prejudice, or other improper mo-
tive.

6. APPEAL AND ERROR ⬤⟲837(8) — REVIEW —
MATTERS CONSIDERED.

In determining an assignment of error in
the overruling of a motion for a new trial, the
appellate court will not consider insufficient
reasons for its action recited by the lower court
in its order denying the new trial, where the
facts justifying the denial are properly shown
by the record.

Appeal from District Court, Houston Coun-
ty; John S. Prince, Judge.

Consolidated actions between the First Na-
tional Bank of Crockett and J. F. Hardtt
and others.  From a judgment denying fore-
closure of an attachment lien, the Bank ap-
peals.  Affirmed.

Adams & Young and Nunn & Nunn, all of
Crockett, for appellant.  Aldrich & Crook, of
Crockett, and G. B. Fenley, of Uvalde, for
appellees.

PLEASANTS, C. J.  This appeal is from a
judgment rendered in two suits between ap-
pellant and appellees which were consolidat-
ed and tried as one.  A statement of the
names of all the parties and the issues pre-
sented in the two suits is unnecessary, since
the only portion of the judgment complained
of is that denying appellant a foreclosure of
an attachment lien upon 2,800 acres of land
in Zavalla county, Tex., owned by the de-
fendants, R. R. Simpson, Otis D. Simpson,
Evelyn Simpson, Skelton J. Simpson, and
James A. Simpson.

The facts alleged by appellant upon which
the attachment was sued out and a lien
claimed upon the 2,800 acres of land to se-
cure the payment of an indebtedness due
appellant by G. T. Simpson are in substance:

That the land was on July 17, 1914, the
property of G. T. Simpson, who was then
wholly insolvent and indebted to appellant
and to other named persons in various
amounts, the amount due appellant being
$2,000; that on said date G. T. Simpson sold
the land to R. R. Simpson for the purpose
and with the intent to hinder, delay and de-
fraud appellant and the other creditors of
said G. T. Simpson; that R. R. Simpson
knew of such fraudulent intent when he took
the deed to the land; and that the considera-
tions named in the deeds were simulated and
no consideration was in fact given for the
land.  Similar allegations as to notice of
fraud of G. T. Simpson and the want of con-
sideration are made in regard to the convey-
ances under which the other appellees ac-
quired title.  It was further alleged that G.
T. Simpson was in truth and in fact the real
owner of the land, and that it was subject
to the lien created by the attachment which
appellant had procured to be regularly is-
sued and levied upon the land.  These alle-
gations were all denied by the pleadings of
appellees.  The cause was submitted to a
jury in the court below upon special issues.
The charge of the court submitting the case,
in so far as it relates to the issues presented
by this appeal, is as follows:

"By 'insolvency' is meant one who is unable
to pay his debts, and whose estate is insufficient
to pay his debts.

"First. Was G. T Simpson insolvent on the
17th day of July, 1914?  Answer 'Yes' or 'No.'

"If you have answered the foregoing question
in the negative, you need not answer any other
issue.  But, if you have answered said question
in the affirmative, then I submit to you the fol-
lowing issues:

"Second. Did R. R. Simpson know of the in-
solvency of G. T. Simpson, or have knowledge
of such facts and circumstances as would have
put a reasonably prudent person on inquiry as
to his solvency or insolvency?  Answer 'Yes'
or 'No.'

"Third. Did G. T. Simpson convey to R. R.
Simpson the Zavalla county lands with intent to
hinder, delay, or defraud his creditors, and did
R. R. Simpson know of such intention?  Answer
'Yes' or 'No.'

"In connection with the third issue, you are
instructed that the burden of proof is upon the

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant bank to show by a preponderance of the evidence that G. T. Simpson conveyed to R. R. Simpson the Zavalla county lands with intent to hinder, delay, or defraud his creditors, and that R. R. Simpson knew of such intention, or had knowledge of such facts as would put a reasonably prudent person upon inquiry, and that such inquiry, if pursued, would have acquainted R. R. Simpson with such intent. And if you so find, you will answer said issue 'Yes.' And, unless you do so find, you will answer said issue 'No.' "

In response to this charge the jury answered the first question "No," and made no answer to the remaining questions. Upon the return of the verdict judgment was rendered in favor of appellees that appellant take nothing against them.

The first assignment of error presented by appellant is as follows:

"The court erred after submitting the issue as to whether G. T. Simpson was insolvent on the 17th day of July, 1914, in instructing the jury as follows: 'If you have answered the foregoing question (meaning was G. T. Simpson insolvent on July 17, 1914) in the negative, you need not answer any other issue, but if you have answered said question in the affirmative, then I submit to you the following issue: Did R. R. Simpson know of the insolvency of G. T. Simpson, or have any knowledge of such facts and circumstances as would have put a reasonably prudent person on inquiry as to the solvency or insolvency?' 'Did G. T. Simpson convey to R. R. Simpson the Zavalla county lands with the intent to hinder, delay, or defraud his creditors, and did R. R. Simpson know of such intention?'

"Because the court in presenting to the jury the issues in this form limited the inquiry to the question of insolvency of the defendant G. T. Simpson, and upon their finding that the defendant G. T. Simpson was not insolvent on the 17th day of July, 1914, they could not pursue the inquiry any further. The jury answered this question in the negative, and governed by the instructions of the court, did not consider the case further but returned their verdict accordingly."

[1] Without regard to the question of whether this charge was an erroneous application of the law to the case made by the pleadings and evidence the assignment cannot be sustained. The record shows that the cause was submitted upon special issues at the request of appellant, and that the issues prepared and presented to the court by appellant for submission to the jury, before the court prepared the charge given the jury, contain the following:

"No. 1. Was G. T. Simpson insolvent on the 4th day of July, 1914? Answer 'Yes' or 'No.'

"No. 2. If your answer to the above question is 'Yes,' then I submit to you the following question: At the time they made the trade with G. T. Simpson did the Burditts know of his insolvency, or could they have known of it by the exercise of reasonable diligence?

"No. 3. Was G. T. Simpson insolvent on the 17th day of July, 1914, the date of his deed to R. R. Simpson conveying the Zavalla county lands?

"No. 4. By insolvency is meant one's estate is insufficient to pay his debts.

"No. 5. Did G. T. Simpson convey to R. R. Simpson the Zavalla county lands with intent to hinder, delay, or defraud his creditors, and did R. R. Simpson know of such intention?"

The court refused to give this charge because it included the question of the good faith of other parties concerning another transaction which was a part of plaintiff's case as made by the pleadings, but is not involved on this appeal, but wrote the charge which is first above set out submitting the issue in regard to appellant and the Simpsons in the same manner in which appellant had requested its submission as between it and the other parties to the suit. In the charge prepared by appellant the jury were told that, if they found that G. T. Simpson was insolvent on July 4, 1914 (the day he made a deed to the defendants Burditts for property not involved in this appeal), then they should answer the other questions in regard to knowledge and good faith of the purchasers in that transaction. There was no material difference in requiring an answer to a question in event a previous question had been answered in the affirmative and in directing the jury that unless the previous question had been answered in the affirmative the latter question need not be answered. The use of a conditional affirmative in the one case and a conditional negative in the other means the same thing, and gives the same instruction to the jury. No objection was made by appellant to the charge given by the court until the motion for new trial was filed. We think it clear upon this state of the record that, if the charge was erroneous in the respect complained of, such error was invited and acquiesced in by the appellant, and its complaint of the error cannot now be heard. Vernon's Sayles' Civil Statutes, art. 1971; Railway Co. v. Dickey (Sup.) 187 S. W. 184; Loeb v. Railway Co., 186 S. W. 378; Roberts v. Houston Motor Co., 188 S. W. 257; McGraw v. Railway Co., 182 S. W. 417.

[2, 3] The court having instructed the jury with appellant's acquiescence, if not by its suggestion, that the knowledge and good faith of appellees in purchasing the property need not be considered if the jury should find that G. T. Simpson was not insolvent at the time the conveyance was made, and the jury having so found, there was no error in refusing special charges requested by appellant submitting the issue of good faith on the part of appellees, the refusal of which is complained of by the second and fourth assignments. Neither of these assignments can be sustained, for the further reason that the statements submitted thereunder do not contain any facts tending to show that appellees at the time they purchased the land knew or had any reason to believe that G. T. Simpson was making the sale to hinder, delay or defraud his creditors, nor any facts tending to impeach the good faith of appellees in the transaction.

[4, 5] The third assignment and the statement thereunder are as follows:

"The court erred in not granting defendant First National Bank of Crockett's motion for new trial for the following reason: The verdict of the jury is contrary to the preponderance and

the best evidence of the case; it being shown by the admissions of the defendant G. T. Simpson and other members of his family that he could not pay his debts, and his estate was not sufficient to pay same."

"Statement. See testimony of G. T. Simpson, statement of facts, pages 16 to 69; testimony of R. R. Simpson, statement of facts, 108–120; testimony of Gordon D. Simpson, statement of facts, pages 130–135; statement of Mrs. L. O. Simpson, statement of facts, pages 135–139."

This assignment is not entitled to consideration, because it points out no error which would authorize a reversal of the judgment, and is not followed by a sufficient statement. Appellate courts are only authorized to reverse a judgment rendered upon a verdict of a jury when there is no evidence to support the verdict, or when the verdict is so manifestly against the great weight and preponderance of the evidence as to be clearly wrong and justify the conclusion that it was the result of passion, prejudice, sympathy, or some other improper motive. It would be a clear invasion of the province of the jury for this court to set aside a verdict on the ground that in the opinion of the court the verdict is against "the preponderance of the best evidence." The statement does not contain any facts upon the issue presented by the assignment, and we are not required to go to the record to find what the evidence is upon the issue.

[6] There is no merit in the fifth assignment, and it is overruled without discussion. The sixth and last assignment complains of the order of the court overruling appellant's motion for a new trial because the court incorporated in the order his reason for refusing to grant the new trial. The order is as follows:

"On this day came on to be heard the First National Bank's motion for new trial, and the same is in all things overruled for the following reasons: When the testimony had concluded in this case the bank presented a written request that the case be submitted on special issues, and at the same time presented their issues, giving the court one copy and plaintiffs' attorneys the other copy. The court submitted the identical issues, as asked by the bank, except that he made them fuller and more elaborate. I had the stenographer prepare them in duplicate, giving a copy to both plaintiffs' and defendants' attorneys. Both attorneys verbally expressed their satisfaction with the submission. There was positively no objection to the issues as submitted. The court being then of the opinion that the bank was entitled to have issue No. 3 of the court's charge (and No. 5 of defendants'¹ issue) submitted, regardless of how the first issue was answered but believing that both parties wanted it submitted in the form that he had prepared, it was done. The court then indorsed on the bank's first requested issues, 'Presented and refused before the reading of the charge,' and ordered same filed as a part of the record, for the purpose of showing such request. ·

"When the court's charge was prepared, had the bank's attorneys or defendants' attorneys requested that the remaining issues be submitted, regardless of how the first issue was answered, it would have been done. Therefore the motion is in all things overruled. To which action of the court in overruling said motion the defend-

ants except, and in open court give notice of appeal to the Court of Civil Appeals at Galveston, Tex., and 60 days is allowed for and after adjournment of this term of court in which to file bills of exception and statement of facts."

Appellant does not question the truth of the facts stated in the order, but contends that they furnish no sufficient reason for refusing the new trial.

We have already held that it appears from the record that, if there was error in the charge given by the court, it was invited and acquiesced in by the appellant, and it cannot now be heard to complain of such error, and that in view of the finding of the jury upon the issue submitted the court did not err in refusing the special instructions requested by appellant. . This holding disposes of appellant's contention under this assignment. The facts upon which this holding is based are shown by other portions of the record, and are not based upon the recitals contained in the order overruling the motion for new trial, and we do not think such recitals could be properly considered in determining the question raised by appellant's assignments.

We are of opinion that the record discloses no error in the trial which would authorize a reversal of the judgment, and it is therefore affirmed.

Affirmed.

---

⊝⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes