DUBOIS v. LOWERY. (No. 7998.)

(Court of Civil Appeals of Texas. Dallas. June 15, 1918. Rehearing Denied Oct. 29, 1918.)

1. APPEAL AND ERROR ⟨⟩1062(5)—HARMLESS ERROR—SUBMISSION OF IMMATERIAL ISSUE.

If, for any reason, failure to give plaintiff notice of sale foreclosing lien for street improvements, as required by law, was immaterial under facts, submission of issue in suit to set aside sale and recover realty was harmless to defendant.

2. APPEAL AND ERROR ⟨⟩742(2) — BRIEFING ASSIGNMENTS.

Multifarious assignments of error, unaccompanied by statement of proceedings and evidence necessary to enable Court of Civil Appeals to determine whether or not there was error in submission of certain issues, are not briefed in accordance with rules, and are not entitled to consideration.

3. TRIAL ⟨⟩350(3) — SUBMISSION OF ISSUE — JUDICIAL SALES—SETTING ASIDE.

In suit to set aside constable's sale of realty to foreclose lien for street improvements, though property was heavily incumbered at time of sale and defendant's purchase, its reasonable value was a proper issue for submission.

4. MUNICIPAL CORPORATIONS ⟨⟩578—STREET IMPROVEMENT—LIEN—FORECLOSURE — SUIT TO SET ASIDE SALE.

In suit to set aside constable's sale of realty to foreclose street improvement lien, any incumbrance at time of sale should have been considered in determining whether or not defendant purchased at grossly inadequate price.

5. APPEAL AND ERROR ⟨⟩1062(1)—HARMLESS ERROR—SUBMISSION OF ISSUE.

In suit to set aside constable's sale of realty to foreclose street improvement lien, any error in submitting plaintiff's requested issue as to conduct of defendant purchaser, and its result in bringing about sale of property, held immaterial.

6. TRIAL ⟨⟩350(3)—SUBMISSION OF ISSUE.

In suit to set aside constable's sale of realty to foreclose street improvement lien, court properly submitted, at plaintiff's request, issue whether defendant purchaser at time of making improvements possessed in good faith, an issue raised by pleadings and evidence.

7. MUNICIPAL CORPORATIONS ⟨⟩579 — ASSESSMENTS — SALE — IMPROVEMENTS — GOOD FAITH.

If purchaser at constable's sale to foreclose street improvement lien was not in adverse possession of the land in good faith when he made improvements, he was not entitled to recover value of improvements in suit against him to recover land.

8. APPEAL AND ERROR ⟨⟩1070(2)—HARMLESS ERROR—FINDING.

In suit to set aside constable's sale of realty to foreclose street improvement lien, jury having found defendant was not in possession in good faith after sale to him, their incorrect finding that improvements made by him were of no value was harmless.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. APPEAL AND ERROR ☜1062(1)—HARMLESS ERROR—SUBMISSION OF ISSUE.

In suit to set aside constable's sale of realty to foreclose street improvement lien, submission of issue as to whether or not defendant failed to make certain payments agreed to be made by him and plaintiff on the lien claim *held* harmless to defendant.

10. TRIAL ☜350(3)—SUBMISSION OF ISSUE—JUDGMENT.

In suit to set aside constable's sale of realty to foreclose street improvement lien, court's action in submitting issue of defendant's right to compensation for improvements, and judgment denying defendant compensation for his improvements, *held* not reversible error.

Error from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by R. L. Lowery against W. J. Dubois. To review judgment for plaintiff, defendant brings error. Affirmed.

J. Lee Zumwalt, of Dallas, for plaintiff in error. Albert B. Hall, of Dallas, for defendant in error.

TALBOT, J. This suit was brought by the defendant in error, Lowery, who will hereinafter be referred to as plaintiff, against the plaintiff in error, Dubois, who will hereinafter be designated as defendant, to set aside a constable's sale of and to recover certain real property described in the petition and for damages, or, in the alternative, for judgment for the value of said property and damages. The defendant did not file a general denial or plea of not guilty, but answered setting up certain defenses, and denying specially certain paragraphs of the petition only, leaving certain paragraphs unanswered and undenied. The case was submitted to a jury on special issues, and upon the jury's findings judgment was rendered in favor of the plaintiff against defendant, setting aside the constable's sale of the property in controversy; that plaintiff recover the title and possession of said property and damages for the use of said property, etc., in the sum of $1,775. From this judgment the defendant prosecuted this writ of error.

The material facts alleged, and which may be deduced from the evidence, are, in substance, as follows: On the 30th day of November, 1914, pursuant to an agreement previously entered into between the plaintiff and defendant for the sale and exchange of certain properties, the defendant and his wife, by deed duly recorded, conveyed to the plaintiff the lot or parcel of land in controversy. The consideration for this conveyance was the assumption by the plaintiff of the payment of a note for $3,000, which was a lien upon the property conveyed; the conveyance by plaintiff to defendant of certain property then owned by plaintiff, incumbered for $6,000, which defendant assumed and agreed to pay, and certain other considerations named in the contract entered into between said parties. At the time of the conveyance of the lot by defendant and his wife to plaintiff there was a lien upon it for $250, created and existing in favor of Creosote Wood Block Paving Company, for certain street paving and improvements, and suit had been instituted and was pending to recover judgment for said sum and to foreclose said lien. In the trade between plaintiff and defendant the plaintiff assumed and agreed to pay $135 and the defendant $115 of said claim of $250. In order to prevent foreclosure of the paving company's lien, the plaintiff and defendant agreed with said company to pay to it $40 a month on said indebtedness until the same was liquidated, of which amount defendant agreed to pay $25 and the plaintiff $15 per month. The plaintiff, in accordance with this agreement, made six monthly payments of $15 each, and the defendant made only the first monthly payment of $25, and a payment of $10 on the second month's installment due by him. Upon default in the monthly payments referred to the Creosote Wood Block Paving Company, through its attorney, threatened to foreclose its lien and sell the property; whereupon the defendant, Dubois, called upon said company's attorney while the plaintiff, Lowery, was absent from the city of Dallas and Dallas county, and stated, in effect, to said attorney that he represented the plaintiff as well as himself, and told said attorney that he might as well proceed to foreclose the company's lien and sell said property. Thereupon said attorney, on September 8, 1915, prosecuted the suit of the paving company to judgment, with foreclosure of its lien, and thereafter caused an order of sale to be issued on said judgment, and said property by virtue thereof sold on November 2, 1915. At this sale defendant became the purchaser of said property for the sum of $100. The statements made by the defendant and his conduct generally in regard to the matter was sufficient to and did cause the said attorney to believe that he, the defendant, prior to November 2, 1915, was jointy interested with the plaintiff in the property upon which the paving company's lien existed, or that they owned said property jointly, and but for the conduct of defendant the paving company's attorney would not have allowed said property to be sold on November 2, 1915. The paving company's attorney testified: "If I had not understood that they were both interested jointly I would not have allowed the sale to take place without giving them notice." The representations made by the defendant to the paving company's attorney to the effect that plaintiff and defendant jointly owned the property in controversy, and that he, defendant, was authorized to act for the plaintiff in matters concerning said property, were not true, and, according to the finding of the jury, caused said attorney to have said property sold under the order of sale

at the time it was sold. At the time the paving company foreclosed its lien on the property the plaintiff, Lowery, had defaulted in the monthly payments which he had agreed to make on the company's claim and he had been notified of such default. The plaintiff was not given notice as is required by law of the time and place of making the sale of the property in controversy under the order of sale issued on the paving company's foreclosure judgment, and at which defendant became the purchaser, and plaintiff was not aware that such judgment had been rendered or that such sale had been made until some time after the sale. The reasonable market value of the property in controversy, and which was sold under the paving company's foreclosure judgment, was, on the day of its sale, $5,500. The defendant, after his purchase, made valuable improvements on the property, and he had been in adverse possession of same under his purchase at the foreclosure sale for perhaps one year next before the commencement of this suit, but according to the finding of the jury, upon evidence sufficient to justify such finding, his possession was not in good faith. About the last of November or first of December, 1915, the defendant wrote to the plaintiff informing him that the property in controversy had been sold under the paving company's judgment, and that he, defendant, had bought the property. In this letter defendant offered to buy plaintiff's "equity" in the property. This offer plaintiff declined, and he testified that the defendant, by his words and acts, led him to believe that he still had an interest in the property after the sale under the paving company's judgment; that defendant wrote him that the reason he let the property be sold under the judgment was to clear the title up; that a fellow by the name of "Owens had threatened to bring suit for the property on account of his wife's heirs not signing something," and for that reason he let the foreclosure be made. Plaintiff further testified that after receiving the letter from defendant, and after his return to Dallas, he made two or three appointments to meet defendant for the purpose of talking with him in regard to the property, but that defendant failed to keep either of the appointments. The plaintiff sustained damages in being deprived of the use, rents, and revenues of the property, etc., in, at least, the amount awarded him by the judgment of the district court.

[1] The first assignment of error asserts that the trial court erred in submitting the issue of whether or not the plaintiff was given notice such as is required by law of the time and place of making the sale of the property herein involved under the execution in the case of the Creosote Wood Paving Co. v. Mrs. Annie Sealey et al. The substance of the propositions advanced under this assignment is: (1) That where one sues for the recovery of property, and seeks such recovery under judgment, and a sale which had been made under said judgment, the question of notice of said sale should not be submitted; (2) that, "where notice of sale was not in fact given, the same may be waived by acquiescence upon the part of the plaintiff." The plaintiff did not assert title to the property in controversy through or under the foreclosure judgment obtained in the paving company's suit referred to in the assignment, nor is there any evidence authorizing the conclusion that the plaintiff acquiesced in the failure to give him notice of the sale made under said judgment. The failure of the officer executing an order of sale to give notice to the judgment debtor of the time and place of the sale to be made thereunder, together with gross inadequacy of price, is doubtless sufficient to warrant the setting aside of such sale. But if for any reason the failure to give plaintiff such notice of the sale in question as is required by law was immaterial under the facts of the case, it is not at all probable that the submission of such issue resulted in any injury to defendant. The first assignment of error is therefore overruled.

[2] The appellee objects to a consideration of all the assignments of error from 2 to 12, inclusive, for several reasons. These assignments relate to issues submitted by the court, and there is nothing in the record to show that defendant excepted to the submission of either of these issues, or that he made any objection whatever to their submission before the court's charge was read to the jury, or that he requested the submission of any issue which was not submitted. The most, if not all, of said assignments are also subject to the criticism that they are multifarious, and not accompanied by such a statement of the proceedings and evidence as is necessary to enable this court to determine whether or not there was error in their submission. The assignments, therefore, are not briefed in accordance with the rules, and, under numerous decisions of our appellate courts, are not entitled to consideration. We have, however, examined the several assignments, and, if the errors in briefing them should be waived, we would not feel warranted in reversing the judgment of the trial court on account of any matter complained of in them. The assignments will not be stated or quoted, but the questions raised by them will sufficiently appear from the following remarks:

1. The pleadings in the case were sufficient to authorize the submission of all the issues submitted by the court.

[3, 4] 2. The reasonable market value of the property involved in the controversy was clearly a proper issue for submission. The fact that the property was heavily incumbered at the time of the constable's sale and the defendant's purchase is no reason why

the issue of its market value should not have been submitted. The incumbrances, whatever they may have been, could and should have been considered in determining whether or not the defendant purchased at a grossly inadequate price.

[5] 3. There was no material error, if any at all, in submitting to the jury the plaintiff's requested issue as to the conduct of Dubois and its result in bringing about a sale of the property at the time it was sold under the order of sale. The theory of the plaintiff was and is, in effect, that defendant deliberately and purposely defaulted in making the payments which he had obligated himself to make on the paving company's lien claim, and did the acts and made the representations in his interviews with said company's attorney, all as alleged in the petition, with the fraudulent intention of bringing about a sale and acquisition of the property in controversy for greatly less than its market value, regardless of the rights of plaintiff; that the representations and conduct of defendant while discussing with the paving company's attorney the question of the foreclosure and sale of the property were such as would have caused a reasonably prudent man to believe that he was jointly interested with plaintiff in the property, or that they owned it jointly; that such representations and conduct did in fact cause said attorney to believe that plaintiff and defendant were jointly interested in said property; that defendant was authorized to represent plaintiff and reflected plaintiff's sentiments in the statement to the effect that the property would have to be sold for the payment of the paving company's claim, all of which was a fraud upon plaintiff, and entitled him, as between himself and defendant, to have the sale under which defendant bought set aside. The testimony offered in support of this theory and contention of the plaintiff was conflicting and not entirely satisfactory, but we do not believe it can be said that there was no substantial evidence whatever to sustain it. The pleadings were also sufficient to authorize the submission of the issues.

[6, 7] 4. Nor did the court err in submitting, as requested by plaintiff, the issue of whether or not the defendant, at the time of making improvements on the property, possessed it in good faith. The pleadings and evidence raised this issue, and if the defendant, at the time he made improvements on the property, was not in adverse possession of it in good faith, he was not entitled to recover the value of such improvements.

[8] 5. The answers of the jury on this question are not so inconsistent or conflicting as to require a reversal of the case for that reason, and, since the jury found that the defendant was not in possession of the property in good faith, their finding that the improvements made by defendant were of no value, although incorrect, is harmless.

[9] 6. Likewise the submission of the issue as to whether or not defendant failed to make the payments agreed to be made by him on the paving company's lien claim resulted in no harm to the defendant. But we are inclined to think this was a proper issue for submission under the evidence.

[10] The fourteenth assignment of error, the consideration of which is not objected to, and the proposition thereunder to the effect that "where one party, in a suit like this, is charged with rents the other is entitled to the value of the improvements made upon the property," is not, under the facts of this case, sustained. There was evidence which justified the jury's finding that the defendant was not a possessor of the property in controversy in good faith, and that plaintiff had sustained and was entitled to recover damages for the use and occupation, etc., of the premises. In the state of the evidence as it appears from the record before us and the findings of the jury, the court's action in submitting this issue, and in rendering the judgment he did, affords no good reason for a reversal of the case.

Finding no reversible error in the record, the judgment of the district court is affirmed.