## HUFF v. REBER. (No. 8135.)

Court of Civil Appeals of Texas. San Antonio.
Feb 6, 1929.

Rehearing Denied Feb. 27, 1929.

R. S. Dorsett, of Raymondville, for appellant.

A. B. Crane and Davis E. Decker, both of Raymondville, for appellee.

SMITH, J. ■ It is charged by appellant, Huff, that appellee, Reber, uttered certain slanderous statements concerning him, resulting in damages to him in the sum of $50,000.

The jury found in response to a special issue that appellee did not "utter the slanderous statements to and regarding the plaintiff, as set out in" the latter's pleadings, whereupon the trial court rendered judgment against Huff who has appealed. As appellant does not assign error upon this finding of the jury, that controlling issue is of course foreclosed against him.

■ In his first, second, and third propositions of law appellant complains because appellee's counsel asked appellant, while upon the stand as a witness, certain questions: First, "Did the bank break while you were there? Did it go into the hands of receiver?" Second, "During that time you became tax collector for the Union Irrigation District, is when your troubles occurred?" And, third, "Isn't it true that the grand jury of this county indicted you for stealing money from that district, in four cases?" In his statements under these propositions it is not made to appear under what circumstances these questions were asked of appellant; it is not shown therein whether the witness answered any of the questions, or what his answers were, or what objections appellant made to the questions, or whether those objections were sustained, overruled, or otherwise acted upon by the trial judge. Obviously, then, these propositions present nothing for review on appeal, and must be overruled. Apparently, however, the questions could not relate to the issue of whether or not appellee uttered the statements complained of in appellant's pleadings, which was the only issue decided by the jury, whose adverse finding thereon is acquiesced in by appellant, since he has not assigned error thereon in his brief. Apparently the questions were directed to the issue of damages, which went out of the case with the jury's negative finding upon the issue of liability, and in such case the questions were harmless, and appellant cannot complain, especially in the absence of a motion to withdraw them from the consideration of the jury. Ordinarily, the mere asking of an improper question will not require reversal, and in no event will it be given that effect, in the absence of a motion to strike. Under no theory presented in appellant's brief does either of these propositions, or all of them together, present reversible error.

■ In his fourth proposition appellant complains of the admission in evidence of certified copies of four indictments returned against him in the district court of Willacy county, charging him with embezzlement. If the admission of these instruments constituted error such error was waived by appellant when, without objection from him, appellant himself, as well as appellee, testified that such indictments had been returned against him. The fourth proposition is accordingly overruled.

In his fifth proposition appellant complains of the action of the court in refusing to direct a verdict in his favor upon the issue of utterance. We overrule this proposition. The issue of whether appellee made the statements as charged in appellee's petition was one of fact to be determined by the jury, and, the jury having resolved that issue against appellant, and appellant having assigned no error upon that finding, he is bound by it in this court.

The judgment is affirmed.