## TEXAS INDEMNITY INS. CO. v. DEAN.
### No. 2629.

Court of Civil Appeals of Texas. Beaumont.
Dec. 24, 1934.

Rehearing Denied Jan. 2, 1935.

Lipscomb & Lipscomb, of Beaumont, for appellant.

W. J. Brown and Bell & McDougald, all of Beaumont, for appellee.

WALKER, Chief Justice.

This is a workman's compensation case. On the verdict of a jury that appellee, Jack Dean, in the course of his employment with Magnolia Petroleum Company, on the 5th day of August, 1930, suffered an accidental injury which resulted in his permanent total disability, and the other supporting facts, he was awarded judgment against appellant, Texas Indemnity Insurance Company, the compensation insurance carrier, for the lump sum of $6,992.02, with interest, costs, etc.

On the testimony offered by appellee his disability resulted from a "heat stroke" suffered by him on August 5, 1930. He had a similar stroke on May 23, 1931. The jury found that the last injury was not sustained in the course of his employment, but was a "producing cause" of his disability. The jury also found that the injury of August 5, 1930, was "the sole producing cause" of appellee's disability. Appellant assigns an irreconcilable conflict between these two findings. This contention is denied. On the proposition of "conflict," in Millers' Indemnity Underwriters v. Schrieber, 240 S. W. 963, 968, this court said: "It is not true in all cases of conflicting answers by a jury that a valid judgment may not be entered upon the verdict as a whole, but the conflict or contradiction in the answers must be with reference to material and controlling issues in the case, and, if the answers as a whole be such as to leave without contradiction all necessary material and controlling issues found by the jury in favor of one of the parties litigant, judgment may properly be entered upon the verdict, notwithstanding conflicts or contradictions as to issues not controlling, or immaterial." See, also, Allen v. T. & N. O. Ry. Co. (Tex. Civ. App.) 70 S.W. (2d) 758, and authorities therein cited. The findings of the jury on the issue of the injury of August 5, 1930, were sufficient to support the judgment. There may be more than one "producing cause" of a disability. To bar a recovery, on the findings of the jury

on the injury of August 5, 1930, appellant was required to show that the injury of May 23, 1931, was the "sole" producing cause of appellee's disability. Texas Employers' Ins. Ass'n v. Mrs. J. W. Burnett (Tex. Civ. App.) 77 S.W.(2d) 742. The conflict complained of by appellant was not on a controlling issue.

There is no evidence raising the issue that appellee's disability was the result of an "occupational disease." If he suffered disability—and the jury found that issue in his favor—it resulted from the "heat stroke."

■ The evidence supports the jury's verdict that appellee's permanent total disability resulted from the accidental injury on August 5, 1930. On that day he received the "heat stroke." Prior to that day he had been an able-bodied man. After his injury he was in bad health; though he went back to his work in October, he began running a temperature, and as the result of the stroke on May 23, 1931, had to quit work. The evidence raised the issue that his continued and progressive sickness resulted from the injury of August 5, 1930.

■ The assignment that the evidence failed to raise the issue of "good cause" is overruled. No statement is made in support of this assignment. The only way this court could review the point would be to search the entire statement of facts. In Blackmon v. Trail, 12 S.W.(2d) 967, 968, the Commission of Appeals held that we had "no power to consider such an error."

■■ Appellant complains of the following argument by appellee's counsel: "He (Linder) also testified that previous to the time Jack had been working irregular, and that Jack was sick and wasn't able to work, but when he was asked why he kept a man like that, he said, 'Just wanted to help Jack along.' Now, that's strange. But what did Jack say? Jack said when he had the accident he went down and told Jim Fisher, and that Jim Fisher was a subforeman working under the man here who testified. Jim Fisher didn't come up here and say Jack didn't tell him that. Jim Fisher was there and Jack said he talked to Jim Fisher; and they didn't ask him to come and tell you about it; and if Jim Fisher had been here he would have told what they didn't want him to tell." The assignment is directed to the statement, "If Jim Fisher had been here he would have told what they didn't want him to tell." Fisher was not offered as a witness by appellant, though in the employment of Magnolia Petroleum Company. Appellant does not assert that it controverted appellee's statement that he told Fisher of his heat stroke at the time of the injury. As Fisher was in the employment of Magnolia Petroleum Company and could have been offered as a witness, the remark by appellee's counsel was not reversible error. In Houston Electric Co. v. Potter (Tex. Civ. App.) 51 S.W.(2d) 754, 762, the court said: "It is well settled that counsel has the right to comment on the absence of witnesses, when it is within the power of the defaulting party to produce them, and when such witnesses are possessed of a knowledge of the transaction inquired about." In Houston E. & W. T. Railway Co. v. Sherman, 42 S.W.(2d) 241, 245, the Commission of Appeals said: "Attorneys may comment upon the absence of witnesses or their nonproduction, when they are shown to be cognizant of the facts in issue." Other assignments were made against argument of counsel for appellee, but not briefed by appellant; as to these other assignments the evidence supports the trial court's qualification that they were provoked by appellant's own argument.

■ The eighth assignment of error is thus summarized by appellant in its brief:

"The trial court in the presence and hearing of the jury, after sustaining plaintiff's objection to the cross examination, made the statement (speaking to appellant's counsel):

"'Yes sir, you have got a right (to cross examine), but you haven't got the right to cross question a man a whole term of court or a hundred years,'

"And again,

"'Mr. Lipscomb: Is your Honor going to stop the cross examination?

"'The Court: Yes, because he has already answered; he has answered everything in the world that he can remember.'"

The error is predicated upon the remark by the court that appellant had "answered everything in the world he can remember." We cannot agree with the contention that this remark was calculated to affect the jury in its consideration of the evidence and was of a nature to induce the jury to believe that the court gave "the stamp of approval to the whole of the claimant's testimony." The statement of facts shows that counsel for appellant had given appellee an extensive cross-examination covering many pages. The remark complained of does not constitute reversible error. No statement is brought for-

ward to support the assignment that "the judgment for $6,992.02 was without support in the evidence."

We sustain the assignment that the court erred in calculating the disability from August 5, 1930; the disability began on May 23, 1931. The judgment should be reformed by eliminating interest on the matured installments of compensation from August 5, 1930, to May 23, 1931.

Reformed and affirmed.