## DALLAS RY. & TERMINAL CO. v. REDMAN.

### No. 13628.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 26, 1937.

Rehearing Denied Feb. 11, 1938.

Worsham, Burford, Ryburn & Hincks and Allen Charlton, all of Dallas, for appellant.

Jack C. Burroughs, P. P. Ballowe, and Hughes & Monroe, all of Dallas, for appellee.

BROWN, Justice.

Appellee, Mrs. Virginia Redman, a widow, sued appellant, Dallas Railway & Terminal Company, for personal injuries received in an accident that occurred within the city limits of the city of Dallas.

The substance of her allegations may be reduced to this statement: That she was intending to board the defendant's car, at a place where passengers were received for transportation, and stepped out into the street and signaled for the car to stop; that the operator in charge of the car slowed it down as if to stop, and that

when the car was within a few feet of her, she saw an automobile coming down the street from the same direction in which the car was approaching her; that it was moving faster than the street car and she feared that it would run into her, so she, believing that the motorman would stop, stepped on the street car tracks ·to prevent the automobile from striking her, and ran backwards, waving at the motorman, but that the motorman did not stop, although he saw her, and ran the street car into her and knocked her in front of the approaching automobile, which also struck her.

Her allegations raise the issue of discovered peril, and, although her pleadings raise at least one other issue of negligence on the part of the defendant's motorman, the case was tried and submitted to the jury on the issues of discovered peril and unavoidable accident.

The verdict of the jury was in appellee's favor; judgment was rendered for her against the Railway Company; its motion for a new trial was overruled; and an appeal was taken to the Court of Civil Appeals for the Dallas District, and transferred to this court for review by the Supreme Court.

█ We note that the trial court submitted the issue of unavoidable accident as the last issue presented in the charge. This the trial court should not have done. Such issue should be submitted first to the jury. This is the better practice and needs no argument to support it.

█ The following definition of "unavoidable accident" was given by the court in the forepart of the charge: "By the term 'unavoidable accident' as used· in this charge is meant the happening of an event without negligence on the part of either person concerned ·in the event." This furnishes an illustration of how easy it is for a trial court to fall into error, when an attempt is made to formulate a definition different from the one expressly approved by our Supreme Court. Timely objection was made by both parties to the suit, but the trial court left the definition as prepared. Three persons were definitely and distinctly "concerned in the event," viz: The plaintiff, the defendant, and the driver of the automobile.

We find that the testimony of the driver of the automobile raises the issue of negligence on his part, at the time of the un-fortunate accident. The fact that he was implicated in the accident, of itself, seems to us to raise the issue of unavoidable accident as between ·the plaintiff and the defendant Railway Company.

Under the facts presented to the jury a verdict could have been returned convicting Key, the driver of the automobile, of negligence and, at the same time, finding that neither the plaintiff nor the defendant Railway Company was guilty of negligence.

█ But the trial court did not submit any issue to the jury touching Key's negligence, although the defendant Railway Company specifically pleaded that Key's negligence brought about the plaintiff's injuries.

We believe that the definition of "unavoidable accident" is erroneous and confusing and that upon another trial a proper definition should be given, and appropriate issue, or issues, covering negligence on the part of Key, as the sole proximate cause of the accident, should be given.

Although the defendant pleaded that the accident was caused by the plaintiff's negligence, and the evidence raised the issue, the defendant presented no charge to the trial court touching such issue, and contented itself with relying on its allegations that it did not strike the plaintiff with its street car. The objection to the definition of unavoidable accident, as applied to the facts in this case, is well taken.

█ The assignments of error complaining of the giving of the issues touching discovered peril, and asserting that the evidence does not support such issues, or the findings of the jury thereon in favor of the plaintiff below, are overruled.

We admit that we are unable to find any set rule, or decision, which draws the line with such definiteness as that we are able to say as a matter of law that there can be no discovered peril in such a case as we have under review.

█ We frankly admit that the plaintiff below has woven (from our viewpoint) a very slender thread on which to hang a cause of action predicated upon discovered peril, but we are powerless to set aside "the verdict of a jury of twelve good and lawful citizens" which establishes the issues touching discovered peril, unless such a verdict should be found to be one that is against the overwhelming preponderance of the evidence.

**264**

We cannot say that such is the case before us.

We attempted to review outstanding authorities and to express ourselves rather freely on the question of discovered peril in Shannon et al. v. Horn et al., Tex.Civ. App., 92 S.W.2d 1090, in which an application for a writ of error was dismissed, and for the reasons there given, we here hold that the issue of discovered peril is one for the jury, unless the facts are undisputed that prevent discovered peril from arising as an issue in the case.

The assignment of error complaining of the refusal of the trial court to define the words "perilous position," as used in the charge, is overruled. We think these words are of common usage and are understood by the average citizen.

The assignments of error complaining because the trial court did not qualify the charge so as to eliminate such loss of time, earnings, suffering, etc., as could have been avoided by the plaintiff because she did not exercise ordinary care to have her leg properly treated, or operated, are not well taken, because not supported by the testimony.

All of the other assignments of error are addressed to matters which will, in all likelihood, not arise upon another trial.

For the reasons given the judgment of the trial court is reversed and the cause remanded.