**JOHNSON v. HODGES et al.**

No. 13818.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 21, 1938.

Rehearing Denied Nov. 18, 1938.

372

McCart & Curtis, of Fort Worth, for appellant.

Houtchens & Houtchens, Ardell M. Young, and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

Appellee, Hodges, who owned certain improved real estate in the City of Fort Worth, was desirous of selling or trading such property to a Mrs. Clara E. Smithers, who owned a farm in Grayson County, and both property owners had listed their respective properties with appellant, Henry Johnson, a real estate broker.

Johnson undertook to carry Hodges and Mrs. Smithers in his automobile, from Fort Worth to the Smithers' farm. Mrs. Smithers went along to point out the way to the farm and to show it to the prospective buyer and Hodges.

On this trip the auto owned and being driven by Johnson, in making a curve on the public highway, side-swiped a truck owned by H. G. and R. L. Johnson, which was being driven by one of the owners, and was proceeding on such highway in the opposite direction from that being driven by appellant, Henry Johnson.

Hodges sued appellant, Henry Johnson, and H. G. and R. L. Johnson, for damages for personal injuries sustained by him on the occasion in question.

The cause was tried to a jury and on the verdict returned, judgment was rendered in favor of Hodges against Henry Johnson, and in favor of H. G. and R. L. Johnson that the plaintiff take nothing as to them.

Motion for a new trial being timely filed, presented and overruled, Johnson has appealed.

We find two assignments of error presented.

Let it be said in fairness to counsel, who have briefed the case for appellant, that they did not take part in the trial of the cause below, but merely "inherited" it, on appeal.

The first error assigned is: "The trial court erred in admitting, over objection and exception of this appellant, the testimony of appellee, W. C. Hodges, to the effect that he had sustained certain injuries to his leg or legs, including his hips, in the accident in question, because there are no allegations in his petition to support such testimony."

If the record disclosed that proper objection and timely action had been taken, during the trial of the cause, this assignment of error would be well taken, but we conclude that it must be overruled for the following reasons: We admit, for the purpose of the argument, that Hodges' pleadings are not broad enough to support the testimony, and then we find that the whole matter arises in this way: Hodges' counsel asked him, "Now, then, about any other injuries—you spoke of some injuries to your back awhile ago. Tell us—", to which Hodges answered, "Well, I have been bothered with my limbs ever since the accident; the leaders and muscles jerk with me at night, more than any other time. At night they do that way (indicating) and I am just perishing away. I lost the use of my leg, nearly, from my knee down to my toe; it was well and strong. I have no use of it.

"Q. What was the condition of your health before this accident? A. Well, I was in fairly good health.

"Q. What was your weight? A. I weighed 170 pounds."

At this juncture, Mr. Burleson, counsel for appellant, interposed an objection as follows: "We object to the injuries to the

leg, because there are no pleadings to support it."

The court: "I overrule the objection."

Mr. Burleson: "Note our exception."

█ It is to be noted that the first question propounded to the witness does not disclose, or in any manner suggest the character of answer that was given; therefore it was not incumbent upon counsel to make any objection until after the answer was made, but it is equally well settled that, under such circumstances as are shown in this record, it was incumbent upon appellant and his counsel to make his objection as soon as was practicable, after the answer was given, and to go further and move that the objectionable testimony be stricken.

When such objection and motion are timely presented, it becomes the duty of the trial court to strike the objectionable evidence and instruct the jury that it cannot be considered by them.

The rule we invoke is a wholesome one. It applies forcibly to a situation such as is here presented.

A perfectly proper question was propounded to the witness, but it is contended that his answer covered matters not presented in the pleading. But the witness was permitted to be asked, and to answer, two other questions about his physical condition before counsel made any objection to the testimony given in answer to a previous question, and no effort was made to have it excluded from consideration by the jury.

The case of Southwestern Bell Tel. Co. v. Doell, 1 S.W.2d 501 (by this court) sustains our views. The opinion clearly shows that the objection to the inadmissible testimony was made when it was given and a motion to exclude presented and overruled. Appellant cites this authority in his behalf. See Fort Worth & D. C. R. Co. v. Hapgood, 201 S.W. 1040 (by this court), and cases cited, and Huff v. Reber, Tex.Civ. App., 13 S.W.2d 995.

Appellant further brings forward in his brief the fact that subsequent to the proceedings just detailed the following occurred: Counsel asked Hodges, "You spoke about your hip; what effect did that accident have on your hip?" Hodges answered, "Well, it has caused me to have pain and soreness." Counsel, Mr. Burleson, then said, "I beg your pardon. We want to object to the question and any testimony about any injury to Mr. Hodges' hip, or legs, because it is not covered by the pleadings." The court said, "I will overrule the objection for the present. I think it is probably sufficient."

No exception to such ruling was taken and no further effort made, at any stage of the case, to exclude the testimony; and, although the record shows that the court offered to give the defendant a bill of exceptions covering the matter, none was preserved.

█ Under such facts as are disclosed by this record, we are of opinion that at any stage of the proceedings, before the cause is submitted to the jury, the aggrieved party has the right to and, in order to protect such right, should move to exclude the objectionable evidence from consideration by the jury.

█ Appellant having failed to so proceed, we hold that there is no merit in his assignment of error.

Appellant cites us to but one case in which the rule invoked appears to have been relaxed, viz., Tompkins v. Hooker, Tex.Civ.App., 200 S.W. 193. No effort was made to have the Supreme Court review that case and, to us, it has distinguishing features.

The assigned error arose over counsel for plaintiffs, in the closing argument to the jury, reading a certain statute to the jury. Objection was made to such procedure and was overruled by the trial court, and exception taken.

No motion to exclude was made by the aggrieved party.

The Court of Civil Appeals employed the following language [page 196]: "The action of the court in permitting it to be read over objection was tantamount to a ruling that it did apply [to the situation before the court] and that it should be considered by the jury as a part of the law of the case in passing upon the issue of adverse possession.

"This in effect authorized the jury to exclude from the period of adverse possession the time Lawson occupied the premises as a homestead. *If this were done there was little, if any, evidence remaining upon which to base a finding for the appellants upon that issue. Unless the jury wholly disregarded the article read, and its express approval by the court, appellants were materially injured by the conduct complained of. The objection is not*

*rendered unavailable because of the failure of the appellants' attorney to request a written instruction directing the jury to disregard the action of appellees' attorney and the law read in their hearing. It is not probable that the court would have excluded in writing what he had expressly approved orally. The authorities relied upon by the appellees to sustain their contention are not applicable. This error we regard as of such importance as to require a reversal of the judgment.*" (Italics ours.)

We interpret the opinion to mean that, because the inadmissible matter served to strip the case of all, or practically all, of the evidence, on which appellants relied to sustain the issue of adverse possession, and because it was not probable that the trial court would· have excluded the objectionable matter in writing, even had the request been made, that the failure to move to exclude, in these circumstances, did not render the assignment of error unavailable.

No such situation is found in the case before us.

There is much testimony, concerning appellee's injuries and suffering other than the testimony of which complaint is made, and we find, from the record, that the trial court was not "set" on the admissibility of the testimony.

When the matter objected to arose the second time (quoted supra), and no exception to the ruling of the court was taken, the court said: "I will overrule the objection for the present. I think it (meaning the pleading) is probably sufficient." This indicates to us that the trial court had an open mind. That had appellant gone into the pleading with the court and shown that same was not sufficient to make the testimony admissible, the court would, in all probability, have excluded the evidence, when so requested.

The remaining assignment of error is: "The trial court erred in defining the term 'unavoidable accident', because the definition is incomplete when applied to the facts of this case, in that the accident may have been unavoidable as far as appellant and appellee, Hodges,, were concerned, even though appellees, Johnson Bros., may have been guilty of negligence; as the jury would be authorized to find that as far as appellant, Henry Johnson, and appellee, W. C. Hodges, were concerned, the accident in question was an unavoidable accident, and the definition is therefore incomplete and prejudicial to the rights of Henry Johnson."

The charge objected to is: "Unavoidable accident, as that term is used in this charge, means an event or happening that takes place without negligence on· the part of any party sought to be charged with the bringing about of said event, which proximately contributed thereto."

Appellant contends that there is vice in the charge, because it defines the unavoidable accident in the instant suit as being one that takes place without negligence on the part of any party sought to be charged with bringing about the event, when the proper practice required instructions covering the plaintiff and each of the named defendants. It being contended that the accident may have been unavoidable as between plaintiff below and Henry Johnson, even though Johnson Bros. were negligent, and that it could have been an unavoidable accident as between plaintiff and Johnson Bros., even though Henry Johnson was negligent.

The Supreme Court case, of Dallas Railway & Terminal Co. v. Price, 114 S.W.2d 859, is cited in support of the proposition.

If the issue of unavoidable accident was actually raised by the evidence, the position taken is good, and we so held in Dallas Railway & Terminal Co. v. Redmond, 113 S.W.2d 262; but so far as we know, the issue may have been wholly immaterial and one not raised by the evidence.

We think that a litigant who complains of a charge must, by a statement full enough to do so, show the materiality of the charge. ·

We cannot reverse a judgment on questions that are abstract; they must be material to a recovery or a defense. To make our position clear, we quote the entire statement, found in appellants' brief, touching the alleged error:

"Statement.

"Appellee, Hodges, sued appellant and Johnson Bros. for injuries allegedly sustained by him by reason of a collision of their cars. He alleged similar but separate acts of negligence on the part of each defendant, towit, (1) in not keeping a proper lookout; (2) excessive speed, and (3) driving on the left or wrong side of the highway (Tr. pp. 2–19).

"This appellant plead a misjoinder of parties defendant and causes of action (Tr. 26). This plea was not sustained.

"The trial court defined 'unavoidable accident' as an event or happening that takes place without negligence on the part of *any party* sought to be charged with the bringing about of said event, which proximately contributed thereto (Tr. 44); and submitted the question as to whether the collision in question was the result of an unavoidable accident (which the jury found it was not) and charged that the burden was on plaintiff to establish the negative of this issue by preponderance of the evidence. (Tr. 46).

"Appellant excepted to the charge on 'unavoidable accident', because of the defects set out in the above assignment of error (Tr. 39), and assigned error in the charge (Tr. 65)."

We are not cited to any evidence adduced that raises the issue. We are not cited to any portion of the Statement of Facts. No excerpts are quoted from, and the substance of the evidence, if to be found in the Statement of Facts, does not appear in the brief. The Statement of Facts contains 139 pages, and according to the index covers the testimony of nine or ten witnesses.

We do not believe it is our duty to read the entire Statement of Facts in order to convince ourselves that the issue of unavoidable accident was actually raised by the evidence.

We do not believe the statement measures up to the standard set by the Supreme Court, in the case of Standard Accident Ins. Co. v. Williams, 14 S.W.2d 1015.

The Supreme Court has held, in Blackmon v. Trail, 12 S.W.2d 967, in considering an assignment of error that necessitated an examination of the entire Statement of Facts in order to determine its merits [page 968]: "If it be conceded, as it must be, that the Court of Civil Appeals is not required to consider such an alleged error, it necessarily follows that that court has no power to consider such an error, even though it should elect to do so." See, also, Texas Ind. Ins. Co. v. Dean, Tex.Civ.App., 77 S.W.2d 748; First Nat. Bank v. Hardtt, Tex.Civ.App., 204 S.W. 712, writ refused; Freeman v. Bennett, Tex.Civ.App., 195 S.W. 238, writ refused; Dubois v. Lowery, Tex.Civ.App., 205 S.W. 858, writ refused; Prince Line, Ltd. v. Steger, Tex. Civ.App., 210 S.W. 223, writ refused and Foster Lumber Co. v. Rodgers, Tex.Civ. App., 184 S.W. 761, writ refused.

If we are privileged to disregard the mandate of the Supreme Court, which we quoted, supra, and if we are permitted to consider the assignment of error, we can find no reversible error because we do not believe the evidence, as between Hodges and appellant, Henry Johnson, raises any issue of unavoidable accident, and if it could be said that the issue was raised by the evidence as between Hodges and Johnson Bros., it is harmless, in that the jury found Johnson Bros. free from negligence, and Hodges makes no complaint of the judgment absolving Johnson Bros. from all blame.

Neither does appellant, Henry Johnson, who asked recovery over against Johnson Bros., assign any error arising on the trial because of his failure to recover over against such co-defendants.

We find no reversible error, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

█ We wish to say, in answer to the motion for rehearing, that we do not believe there is any error in the charge on unavoidable accident.

Who is sought to be charged with negligence, in this case?

Hodges, who was the plaintiff below, was riding with Henry Johnson. Hodges had no control over the car. No issue was submitted to the jury in an effort to have a finding that Hodges was guilty of any act of negligence. No such issue was submitted, because no evidence was introduced that raised such issue.

Hodges sought by his pleadings to hold Henry Johnson and Johnson Bros. responsible for the accident in which he was injured. If it could be said that the issue of unavoidable accident was raised by the evidence, then the charge is not erroneous, in that it actually covers the persons who are charged with negligence.

The charge stipulates: "Unavoidable accident, as that term is used in this charge, means an event or happening that takes place without negligence on the part of any party sought to be charged with the bringing about of said event, which proximately contributed thereto."

No objection is urged against the charge on the theory that the names of the par-

ties concerned are not incorporated in the charge.

That is to say, the form of the charge is not criticised by appellant. Appellant's criticism is that it was necessary for the trial court to give two charges on the issue of unavoidable accident. One as between Hodges and Henry Johnson, and the other as between Hodges and Johnson Bros.

Under the Supreme Court case cited in our original opinion (Dallas Railway & Terminal Co. v. Price, supra), this objection would be well taken if Hodges were charged with contributory negligence, and if the evidence were sufficient to raise such issue.

But there is no evidence tending to show that Hodges was guilty of any act of contributory negligence, and the charge as given actually covers the two parties who are charged with negligence, proximately contributing to the accident, both of whom contend that they were not guilty of any act of negligence.

■ In passing upon the issue raised by the charge, when taken, as we must, in connection with the entire charge, as given, the jury must of necessity have understood the charge to mean that the accident was unavoidable if it occurred without negligence upon the part of Henry Johnson and Johnson Bros. They are the persons sought to be charged with the bringing about of the accident.

No attempt was made to establish the fact that some person or thing acting independently of either or both of the defendants brought about the accident.

Here each defendant sought to show that he was guilty of no act of negligence, but that his co-defendant's negligence caused the accident.

■ The following cases hold that the evidence must present a specific theory under which the accident could have happened, notwithstanding the fact that all the parties exercised such degree of care as is required by law. Magnolia Coca-Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.

W.2d 944, 97 A.L.R. 1513; Green v. Texas & Pac. R. Co., 125 Tex. 168, 81 S.W. 2d 669; Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973.

We fully recognize the difficulty of avoiding the confusion that has arisen in these "unavoidable accident cases," and add that we think the line of decisions just mentioned present the better view of this troublesome question.

■ We do not believe that the evidence in the case before us raises the issue of unavoidable accident. The collision occurred on the public highway, when the two motor vehicles involved "side-swiped", and no other person or thing entered into, or contributed to, the accident. But, if we concede that the issue was raised, still we see no error in the charge as applied to this case.

The case of Anizan v. Paquette, 113 S. W.2d 196, by the Galveston Court of Civil Appeals, supports our views in the instant suit. The Supreme Court dismissed an application for a writ of error in that case.

The only difference between that case and the one at bar is that the guest statute applied in the former case and does not apply here.

A forceful opinion in the case of Younger Bros. v. Power, Tex.Civ.App., 118 S.W. 2d 954, in which a writ was likewise dismissed, also supports our views.

Adopting the language of that opinion [page 958]: "To say that this accident could not have been prevented by either one or the other of the two parties to it by the use of means suggested by common prudence—that is, by each of them having remained on his own right-hand side of the black stripe in the center of that highway—is to belie the direct testimony of them both * * *".

It is self-evident that if each of the vehicles involved in this suit had kept on his side of the highway, the cars could not have "side-swiped".

The motion is overruled.